1998 ME 143

**STATE of Maine**

v.

**Clifton MAHAN, Sr.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 12, 1997.

Decided June 8, 1998.

Geoffrey Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty., Wiscasset, for State.

William M. Avantaggio, Howard & Bowie, Damariscotta, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

LIPEZ, Justice.

[¶ 1] Clifton Mahan, Sr. appeals the sentences imposed as a result of his convictions for carrying a concealed weapon (Class D) in violation of 25 M.R.S.A. § 2001 (1988 &

---

Supp.1997)[1] and criminal trespass (Class E) in violation of 17–A M.R.S.A. § 402 (1983 & Supp.1997),[2] entered in the Superior Court (Lincoln County, *Calkins, J.*) following his jury-waived trial. On direct appeal pursuant to M.R.Crim. P. 37, Mahan argues that the court lacked the authority pursuant to 17–A M.R.S.A. § 1256(2)(D) (1983 & Supp.1997) to impose two consecutive, rather than concurrent, periods of probation for the convictions.[3] Finding no error, we affirm the sentences.

## I.

[¶ 2] Clifton Mahan, Sr. was indicted by the Lincoln County Grand Jury in February 1997 for armed burglary (Class A) in violation of 17–A M.R.S.A. § 401; carrying a concealed weapon (Class D) in violation of 25 M.R.S.A. § 2001; and criminal trespass (Class E) in violation of 17–A M.R.S.A. § 402. At Mahan's jury-waived trial, the following evidence was presented.

[¶ 3] In early 1997 Geraldine Mahan left her husband of fifty-three years, Clifton Mahan, Sr., because of a history of spousal abuse. A few weeks after Geraldine left him, Mahan drove to the home of Joseph and Evelyn Ball, where Geraldine was residing. Mahan, who is eighty-three years old, testified that he intended to commit suicide by shooting himself in the presence of the Balls and Geraldine. Finding the front door locked, Mahan entered the home through a garage door which had been secured in a makeshift fashion by a metal bar. Mahan confronted Mrs. Ball and demanded to speak with Geraldine, who emerged from a back bedroom where she had been hiding. As the group gathered in the kitchen, Mrs. Ball saw a gun in Mahan's pocket. Following a brief struggle to gain control of the gun, it fell to the floor. The police arrived and placed Mahan under arrest.

[¶ 4] At the conclusion of the jury-waived trial, the court found Mahan guilty on the concealed weapon and criminal trespass charges, but not guilty on the armed burglary charge. Judgment was entered accordingly. With respect to the concealed weapon conviction, the court sentenced Mahan to seven months imprisonment, all except 75 days suspended, and one year probation. With respect to the criminal trespass conviction, the court sentenced Mahan to five months imprisonment, all suspended, and one year probation. The court ordered that these sentences be served consecutively, stating:

> [I] am convinced that the seriousness of the offenses, and in particular the carrying of the firearm into someone else's home, requires consecutive sentences, not so much that a great deal of jail time be imposed on you, but more for the purpose of being able to impose two one-year periods of probation. Because I do think it is apparent ... that supervision of you and conditions of probation are not only appropriate for a two-year period of time but necessary.

This direct appeal pursuant to M.R.Crim. P. 37 followed.

## II.

[¶ 5] Mahan argues that the court's imposition of consecutive probationary periods in this case was illegal and in violation of 17–A M.R.S.A. § 1256(2)(D).[4] Specifically, Mahan

---

1. 25 M.R.S.A. § 2001 provides in pertinent part: "No person may display in a threatening manner, or wear under his clothes or conceal about his person, any firearm ..., unless excepted by provision of law."

2. 17–A M.R.S.A. § 402 provides in pertinent part: "1. A person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person: (A) Enters any dwelling place; (B) Enters any structure that is locked or barred; ...."

3. Alternatively, Mahan argues that the court exceeded the bounds of its discretion in imposing consecutive sentences. A sentence is cognizable on direct appeal "only if it appears of record so plainly as to preclude rational disagreement that it was beyond the sentencing authority of the court." *State v. Hudson*, 470 A.2d 786, 787 (Me.1984). Accordingly, we will review only the legality, not the propriety, of Mahan's sentences on direct appeal.

4. Section 1256 provides in pertinent part:

   2. [T]he court shall state in the sentence of imprisonment whether a sentence shall be served concurrently with or consecutively to any other sentence previously imposed or to another sentence imposed on the same date. The sentences shall be concurrent unless, in

contends that subsection (2)(D), on which the court relied, authorizes the imposition of consecutive sentences only for the purpose of extending the period of a defendant's imprisonment, not the period of his probation.

[¶ 6] We have previously addressed this issue in *State v. Dadiego*, 617 A.2d 552 (Me. 1992). In *Dadiego*, the trial court, relying on 17–A M.R.S.A. § 1256(2)(D), had imposed a split sentence of incarceration and probation, followed by consecutive periods of probation. *See id.* at 553. After noting that 17–A M.R.S.A. § 1256(8) precludes only a sentence that is "not wholly suspended" from following a split sentence in certain circumstances,[5] we rejected Dadiego's contention that the court lacked authority to impose consecutive probationary periods. *See id.* 554–55. Rather, we reasoned that the Legislature, by implication, intended to permit sentences that *are* "wholly suspended"—including sentences of probation—to follow a split sentence. *See id.* Thus, we concluded, "consecutive terms of probation are permissible when the consecutive terms of imprisonment are warranted under 17–A M.R.S.A. § 1256(1)–(3)." *Id.*

■ [¶ 7] Applying *Dadiego*'s holding to this case, we find that the court acted within its authority by imposing consecutive periods of probation.[6] Mahan's first sentence on the concealed weapon conviction was a split sentence, but his second sentence on the criminal trespassing conviction was wholly suspended. Moreover, section 1256(2)(D) expressly permits consecutive sentences of imprisonment based on "the seriousness of the criminal conduct involved...." 17–A

M.R.S.A. § 1256(2)(D). Accordingly, pursuant to *Dadiego*, the imposition of consecutive terms of probation was permissible. *See Dadiego*, 617 A.2d at 554–55.

### III.

■ [¶ 8] Mahan also argues that consecutive sentences were prohibited by 17–A M.R.S.A. § 1256(3)(B), which provides in pertinent part:

3. A defendant may not be sentenced to consecutive terms for crimes arising out of the same criminal episode when:

...

B. One crime consists only of a conspiracy, attempt, solicitation or other form of preparation to commit, or facilitation of, the other.

...

17–A M.R.S.A. § 1256(3)(B). Relying on this provision, Mahan contends that the evidence presented at trial showed that his crimes, namely carrying a concealed weapon and criminal trespassing, were committed to facilitate the ultimate goal of his suicide inside the Ball residence. Thus, he argues, consecutive sentences for the crimes are prohibited by subsection (3)(B). We disagree.

[¶ 9] Subsection (3)(B) prohibits consecutive sentences when one crime facilitates "the other." *See, e.g., State v. Tellier*, 580 A.2d 1333 (Me.1990) (consecutive sentences cannot be imposed for kidnapping and unlawful sexual assault convictions, where kidnapping was committed only to facilitate the sexual

---

considering the following factors, the court decides to impose sentences consecutively:

...

D. That the seriousness of the criminal conduct involved in either a single criminal episode or in multiple criminal episodes or the seriousness of the criminal record of the convicted person, or both, require a sentence of imprisonment in excess of the maximum available for the most serious offense.

17–A M.R.S.A. § 1256.

5. 17–A M.R.S.A. § 1256(8) (Supp.1997) provides in pertinent part:

No court may impose a sentence of imprisonment, *not wholly suspended*, to be served consecutively to any split sentence previously imposed or imposed on the same date, if the net

result ... would be to have the person released from physical confinement to be on probation for the first sentence and thereafter be required to serve an unsuspended term of imprisonment on the 2d sentence.

*Id.* (emphasis added).

6. Mahan attempts to distinguish *Dadiego* by limiting its holding to cases in which a defendant would be required to make restitutionary payments to his victim. *Dadiego*'s holding, however, reflects our conclusion that the Legislature impliedly intended to bestow upon courts the authority to impose consecutive periods of probation pursuant to 17–A M.R.S.A. § 1256, and was not based on our incidental observation that the defendant in that case might be more likely to fulfill his restitutionary obligations if he remained under the threat of probation revocation.

assault); *State v. Prentiss,* 557 A.2d 619 (Me. 1989) (consecutive sentences cannot be imposed for burglary and gross sexual assault convictions, where burglary was committed only to facilitate the gross sexual assault); *State v. Bunker,* 436 A.2d 413 (Me.1981) (consecutive sentences cannot be imposed for kidnapping and sex crime convictions, where kidnapping was committed only to facilitate the sex crimes). In this case, however, there was no evidence that Mahan carried a concealed weapon to facilitate his criminal trespass; similarly, there was no evidence that Mahan committed criminal trespass to enable himself to carry a concealed weapon. Rather, each crime was committed to further a noncriminal goal—Mahan's suicide. *Cf., e.g., State v. Winchenbach,* 501 A.2d 1282 (Me. 1985) (consecutive sentences permissible for burglary and eluding an officer/passing a roadblock convictions, where the defendant's "purpose in burglarizing the Waltz garage and stealing the truck was not to engage in a high speed chase with police."). The court was not precluded by subsection (3)(B) from imposing consecutive sentences for the weapons and trespass convictions in this case.[7]

The entry is:

Sentences affirmed.

---

**7.** The State also argues on cross-appeal that the court erred by determining that criminal trespass is not a lesser-included offense of burglary. Because we affirm the sentences, we have no occasion to consider this issue.