2003 ME 57

**STATE of Maine**

v.

**Stephen HODGKINS**

**No. OXF–02–413.**

Supreme Judicial Court of Maine.

Argued: Jan. 14, 2003.
Decided: April 24, 2003.

Norman R. Croteau, District Attorney, Joseph M. O'Connor, Asst. Dist. Atty. (orally), South Paris, for State.

Ron E. Hoffman, (orally), Rumford, for defendant.

G. Steven Rowe, Attorney General, Donald W. Macomber, Asst. Attorney General, Augusta, Amicus curiae.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

■ [¶ 1] Stephen Hodgkins appeals from the judgment of conviction for assault (Class D), 17–A M.R.S.A. § 207(1) (1983), entered in the District Court (Rumford, *McElwee, J.*) following a nonjury trial. Hodgkins asserts, among other things, that the court erred as a matter of law when it imposed a two-year period of probation in violation of 17–A M.R.S.A. § 1202(1) (1983 & Supp.2002).[1] We amend

---

1. Hodgkins also argues that the court erred when it denied his late request for a jury trial. Hodgkins does not dispute that he was made aware of his right to a jury trial through an arraignment tape and again by the judge personally, and thus that his waiver was voluntary. He argues, however, that his waiver could not have been intelligent because he did not have counsel before the time for request-

ing a jury trial had run. On this record, we are not persuaded that the court erred in denying his request for jury trial filed nearly two months after his arraignment. Hodgkins raised other deficiencies in the arraignment process at oral argument, but we will not address issues raised for the first time on appeal. *See State v. Merchant*, 2003 ME 44, ¶ 15, 819 A.2d 1005, 1008 (where an issue is

the sentence to reflect a one-year period of probation and affirm the conviction.

## I. BACKGROUND

[¶ 2] The dispute before us arises from an incident involving Stephen Hodgkins and Cathy Lyons, his former girlfriend, at the Rumford District Court on January 2, 2002. In May 2001, Hodgkins and Lyons separated, resulting in a custody dispute over their eight-year-old daughter. On January 2, 2002, they met with a case management officer at the courthouse to resolve issues relating to child support and custody. Lyons testified that Hodgkins was "very uncooperative" at the meeting and was removed from the courtroom for inappropriate behavior. After waiting inside the courtroom until she could no longer see Hodgkins outside, Lyons proceeded down the corridor to go out the front door of the courthouse. Lyons testified that Hodgkins came up from behind her in the courthouse corridor, striking her face and yelling profanities at her. After she was struck, she immediately sought assistance from her lawyer, who took her downstairs to the police station to report the incident.

[¶ 3] On April 2, 2002, Hodgkins was arraigned in the Rumford District Court on a charge of assault (Class D), in violation of 17–A M.R.S.A. § 207(1) (1983).[2] A Class D assault carries with it the possibility of a probationary period of up to one year, 17–A M.R.S.A. § 1202(1), unless it is one "involving domestic violence," in which case a period of probation of two years is mandated unless a batterers' intervention program is completed earlier. 17–A M.R.S.A. § 1202(1–B) (Supp.2002). The complaint did not allege that the assault was one involving domestic violence.

[¶ 4] Following a bench trial, the District Court found Hodgkins guilty of assault, Class D, pursuant to 17–A M.R.S.A. § 207(1). Announcing the conviction, the trial court made the following finding: "The court does not consider that this case has arisen in the context of a domestic dispute . . . and [does] not find this to fall within the classic mandate of the Legislature with regard to domestic abuse." The court sentenced Hodgkins to sixty days in jail, with all but seven days suspended, and a period of probation of one year.

[¶ 5] The prosecutor then argued that two years of probation were mandated because of the presence of a previous domestic relationship between the parties, and the court briefly recessed to reconsider the applicability of 17–A M.R.S.A. § 1202(1–B). After reviewing the statute, the court found, apparently for sentencing purposes, that the dispute did involve domestic violence, and amended the sentence to include a two-year period of probation. Hodgkins appeals from both the conviction and the expanded period of probation.[3]

raised for the first time on appeal, our review is limited to whether the court's actions reflect "obvious error.").

**2.** The complaint charged a violation 17–A M.R.S.A. § 207(1), assault (Class D), alleging that "[o]n or about January 2, 2002, in Rumford, Oxford County, Maine, STEPHEN P. HODGKINS, did intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to Cathy L. Lyons." Pursuant to 17–A M.R.S.A. § 207(1) (1983), "[a] person is guilty of assault if he intentionally,

knowingly, or recklessly causes bodily injury or offensive physical contact to another."

**3.** Because we have concluded that his challenge to the conviction is unpersuasive, *see supra* note 1, we address only the challenge to the period of probation. On direct appeal, we will review only the legality, not the propriety, of a sentence. *State v. Mahan*, 1998 ME 143, ¶ 1 n. 3, 711 A.2d 1314, 1315; *see State v. Allison*, 427 A.2d 471, 475 (Me.1981) (noting that the Law Court's appellate role is limited to a review of a sentence's legality, while review of a sentencing order's propriety is a

## II. DISCUSSION

■ [¶ 6] The issue presented in this appeal is whether the court erred when it amended Hodgkins's sentence to reflect a conviction for an assault involving domestic violence, subject to two years of probation, when the additional element of domestic violence was neither alleged in the complaint, addressed by the State in argument until after the judge's verdict, nor found as a fact by the court beyond a reasonable doubt.

■ [¶ 7] Because Hodgkins did not object to the imposition of two years of probation when the trial judge imposed the sentence, thereby failing to preserve his challenge, we review for "obvious errors" affecting substantial rights. *State v. Burdick*, 2001 ME 143, ¶ 13, 782 A.2d 319, 324; *see also* M.R.Crim. P. 52(b).

■ [¶ 8] An error affects the defendant's substantial rights when a court imposes a sentence that is not authorized by law. *See State v. Kee*, 398 A.2d 384, 386–87 (Me.1979) (modifying a sentence where the fine imposed exceeded the maximum amount authorized by statute). The question therefore, becomes whether the court was authorized to impose the two years of probation on these facts pursuant to 17–A M.R.S.A. § 1202.[4] Section 1202(1) provides that the period of probation for a Class D crime is not to exceed one year, but section 1202(1–B)[5] mandates that the period of probation for a person convicted of a Class D crime involving domestic violence must be two years in the absence of an earlier completion of a batterers' intervention program. Thus, pursuant to the plain language of 17–A M.R.S.A. § 1202(1) and (1–B), a court has no authority to impose anything beyond a one-year period of probation unless the assault involves domestic violence. If so, the sentencing court must impose the longer two-year probationary period.

[¶ 9] When the trial court announced its findings at the conclusion of the trial, it specifically found that the State failed to prove that the assault involved domestic violence. When it later determined for sentencing purposes that the crime fell within 17–A M.R.S.A. § 1202(1–B), it accepted the State's argument that the two-year probation term was mandated by the undisputed fact that the defendant and the alleged victim had a child together. We

matter within the jurisdiction of the Appellate Division of the Supreme Judicial Court). For a direct appeal of a sentence to be cognizable, "the 'jurisdictional' sentencing infirmity must appear on the face of the appeal record so plainly that its existence is shown *as a matter of law.*" *State v. Parker*, 372 A.2d 570, 572 (Me.1977). We will not consider the legality of a sentence on direct appeal unless a jurisdictional infirmity is shown " 'so plainly as to preclude rational disagreement as to its existence." ' *State v. Cunningham*, 1998 ME 167, ¶ 5, 715 A.2d 156, 157, quoting *State v. Parker*, 372 A.2d at 572. In this case, Hodgkins's challenge is cognizable because he disputes the legality, not the propriety, of the sentence. *See, e.g., State v. Cote*, 539 A.2d 628, 628–29 (Me.1988) (holding that a challenge to the legality of a special condition of probation was cognizable on direct appeal because the condition was unconstitutionally vague on its face).

4. In relevant part, this statute provides that a person convicted of a Class D crime may be placed on probation "for a period not to exceed one year." 17–A M.R.S.A. § 1202(1) (1983 & Supp.2002).

5. Title 17–A M.R.S.A. § 1202(1–B) provides: "Notwithstanding subsection 1, the period of probation for a person convicted of a Class D or Class E crime involving domestic violence must be 2 years, except that the term of probation must be terminated at the time the probationer completes a certified batterers' intervention program as defined in Title 19–A, section 4014, unless there is another condition of probation that has yet to be met." 17–A M.R.S.A. § 1202(1–B) (Supp.2002).

conclude, however, that the court's factual finding, contained in its announcement of the verdict, constituted the operative finding, specifically, that the assault did not arise "in the context of a domestic dispute" and did not fall "within the classic mandate of the Legislature with regard to domestic abuse." In the absence of a finding, beyond a reasonable doubt, that the assault involved domestic violence, the maximum probationary period allowed by law was one year and the court lacked the authority to increase the period of probation.

 [¶ 10] This conclusion is consistent with the holding of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[6] *See Burdick*, 2001 ME 143, ¶ 13, 782 A.2d at 324. In *Apprendi*, the sentencing court extended the underlying sentence of the defendant because the court found, after a jury trial, by a preponderance of the evidence that the defendant intended to commit a hate crime. *Id.* at 471, 120 S.Ct. 2348. The United States Supreme Court vacated the

sentence, holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. The Court stated that "facts that expose a defendant to a punishment greater than that otherwise legally prescribed [are] by definition 'elements' of a separate legal offense." *Id.* at 483 n. 10, 120 S.Ct. 2348. *Apprendi* applies as well to nonjury trials. Any fact used to enhance a sentence above the prescribed statutory maximum sentence for the crime at issue must be pled and presented to the fact-finder for adjudication and found to exist beyond a reasonable doubt.[7] *See United States v. Velasco–Heredia*, 319 F.3d 1080, 1083 (9th Cir.2003).

 [¶ 11] In the present case, the element of the involvement of domestic violence, was "a fact that increases the penalty for a crime beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Thus, the two-year

---

6. The State argues that the imposition of a period of probation is not a "sentence" and therefore does not fall within the strictures of *Apprendi*. We find this argument to be unpersuasive. The Legislature has classified probation as a form of sentence. *See* 17–A M.R.S.A. § 1201(2) (Supp.2002) ("A convicted person who is eligible for sentence under this chapter ... may be sentenced to a sentencing alternative that includes a period of probation if the person is in need of the supervision, guidance, assistance or direction that probation can provide."). Although the State contends that the rehabilitative purpose of probation provides too stark a contrast with the punitive purpose of imprisonment to warrant the application of *Apprendi*, we note that the purposes of probation and imprisonment are not mutually exclusive. *See* 17–A M.R.S.A. § 1151(1) (1983) (stating that the general sentencing purposes include deterrence, rehabilitation, and restraint). Because probation, like imprisonment, serves punitive and rehabilitative purposes, and the imposition of probation is described in relevant stat-

utes as a "sentence," we conclude that the requirements imposed by *Apprendi* apply whenever a sentence of probation is enhanced beyond the statutorily authorized maximum period.

7. *See*, for example, 17–A M.R.S.A. § 9–A(1) (Supp.2002), which states:

Except as otherwise provided by law, a prior conviction must be specially alleged if the sentencing provision of a crime requires that a present sentence be enhanced because the person has been previously convicted of a specified crime. For the purpose of this section, a sentence is enhanced only if the maximum sentence that may be imposed is increased or a mandatory minimum nonsuspendable sentence must be imposed. The Supreme Judicial Court shall provide by rule the manner of alleging the prior conviction in a charging instrument and conditions for using that prior conviction at trial.

period of probation imposed on Hodgkins exceeded the maximum possible probationary period for assault unless the fact-finder determined beyond a reasonable doubt that the assault was one that "involved domestic violence." That element was not charged or argued by the State in the trial phase of the case and was not found as a fact by the court during the fact-finding phase. Thus, the court acted correctly when it first imposed a probationary period of one year, and we conclude that the later imposition of the two-year period of probation represented an "obvious error" affecting substantial rights. *Burdick,* 2001 ME 143, ¶ 13, 782 A.2d at 324. We therefore vacate Hodgkins's sentence of probation to the extent it exceeds the statutory maximum for the crime of which he was convicted and modify the sentence accordingly.

The entry is:

Sentence modified to reflect a one-year period of probation and judgment, as modified, is affirmed.