2003 ME 137

**STATE of Maine**

v.

**Theodore BRIGGS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 23, 2003.

Decided: Dec. 3, 2003.

---

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Randy G. Day, Esq., Garland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Theodore Briggs appeals from the sentence imposed following his convictions for criminal threatening (Class D), 17–A M.R.S.A. § 209 (1983), and terrorizing (Class D), 17–A M.R.S.A. § 210(1)(A) (1983), in the Superior Court (Piscataquis County, *Jabar, J.*). Briggs contends: (1) that the Superior Court improperly imposed a two-year period of probation contrary to our decision in *State v. Hodgkins,* 2003 ME 57, 822 A.2d 1187; (2) that the court improperly required Briggs to complete a certified batterers' intervention program as a condition of probation; and (3) that the court improperly sentenced Briggs to the statutory maximum terms of imprisonment because he had a very limited prior criminal record. We are unpersuaded by Briggs's contentions as to the condition of probation and the underlying sentences, but we agree with Briggs that the trial court improperly subjected him to a two-year probationary period, and we vacate the sentence and remand for resentencing.

## I.  FACTUAL AND PROCEDURAL HISTORY

[¶ 2] On December 19, 2000, Briggs's wife placed a 911 call from her home in Parkman. She disclosed to the police that Briggs had hit her and she wanted the police to remove him from the home. While his wife was talking to police on the telephone, the dispatcher heard Briggs talk to his wife in a threatening manner. Upon arriving at the residence, the police arrested Briggs. Briggs was indicted for the Class D offenses of assault and terrorizing and the Class C offense of criminal threatening with a firearm. The indictment did not allege that these offenses involved domestic violence.

[¶ 3] Following a jury trial, Briggs was acquitted of the assault charge and found guilty of terrorizing. He was also found guilty of the lesser included offense of criminal threatening. Briggs was sentenced to concurrent sentences of 364 days of imprisonment, with all but five months of each sentence suspended. The court found that the case involved domestic violence and, pursuant to 17–A M.R.S.A. § 1202(1–B) (Supp.1999), ordered Briggs to serve two years on probation, with conditions, including that he complete a batterers' intervention program during the probationary period. This appeal followed.[1]

## II.  STANDARD OF REVIEW

[¶ 4] On direct appeal, we are limited to reviewing only the legality, and not the propriety, of sentences imposed by the trial court. *State v. Mahan,* 1998 ME 143, ¶ 1 n. 3, 711 A.2d 1314, 1315; *see also State v. Capitan,* 363 A.2d 221, 224 (Me. 1976) (finding that "the Supreme Judicial Court, sitting as the Law Court, has no jurisdiction to review [a] sentence except to the extent that there may be involved in the appeal a claim that an illegal sentence was imposed"). "To be cognizable in a direct appeal the jurisdictional sentencing infirmity must appear on the face of the appeal record so plainly that its existence is shown *as a matter of law.*" *State v.*

---

1. Briggs filed a direct appeal pursuant to M.R.App. P. 2. Because his sentences were less than one year, Briggs was precluded from filing an appeal of his sentence pursuant to 15 M.R.S.A. §§ 2151 (2003) and M.R.App. P. 20.

*Parker*, 372 A.2d 570, 572 (Me.1977) (quotations omitted). We will not consider a sentence's legality on direct appeal unless a jurisdictional infirmity is so apparent "as to preclude rational disagreement as to its existence." *Hodgkins*, 2003 ME 57, ¶ 5 n. 3, 822 A.2d 1187, 1190 (quotations omitted).

### III. DISCUSSION

**1. The Two–Year Probation Period Imposed by the Superior Court**

■ [¶ 5] Briggs contends, and the State concedes, that the imposition of a two-year period of probation exceeded the maximum possible probationary period for a Class D offense in the absence of proof beyond a reasonable doubt that the crime involved domestic violence.[2] As a result, the probation period should be reduced to one year, the statutory maximum allowed for Class D crimes pursuant to 17–A M.R.S.A. § 1202(1). In *Hodgkins*, the defendant was charged with assaulting the mother of his child, and as in this case, the charging instrument did not allege that the crime involved domestic violence. *Hodgkins*, 2003 ME 57, ¶ 6, 822 A.2d at 1192. We concluded that the trial court lacked the authority to increase the period of probation from one year to two years of probation without proof beyond a reasonable doubt that the crime involved domestic violence. *Id.* ¶ 9, 822 A.2d at 1192. Because the statute only authorizes a maximum probation period of one year unless the State proves beyond a reasonable doubt that the crime involved domestic violence, the court's imposition of a two-year term of probation is illegal on its face, and must be vacated.

**2. The Certified Batterers' Intervention Program as a Condition of Probation**

■ [¶ 6] Briggs contends that the requirement that he complete a certified batterers' intervention program is improper if his probation period is reduced to one year, because it is unlikely that he will be able to complete such a program, which generally runs forty-six to forty-eight weeks in duration, within a one-year period. Although the program may be difficult to complete within a year, given delays sometimes encountered in gaining admission to such programs, and the court may want to reconsider this condition of probation, it is not illegal on its face.

**3. The Imposition of the Statutory Maximum Sentence**

■ [¶ 7] Briggs also contends that it was improper for the court to impose the maximum allowable sentence because his "prior criminal convictions were minimal." Briggs also contends that the court improperly considered his "decision to not plead guilty as an aggravating factor." We agree with the State that both of these contentions go to the propriety, and not the legality of the sentence, and may not be considered in this direct appeal. *Mahan*, 1998 ME 143, ¶ 1 n. 3, 711 A.2d at 1315. The applicable statute authorizes sentences of "a definite period of less than one year" of imprisonment for Class D crimes. 17–A M.R.S.A. § 1252(2)(D) (1983). For each of the crimes, Briggs received a statutorily authorized sentence of 364 days of imprisonment. The sentences are, therefore, not illegal. Briggs's additional contention that the trial court improperly considered Briggs's decision to go to trial and not enter a guilty plea

---

**2.** Title 17–A M.R.S.A. § 1202(1–B) provides that "the period of probation for a person convicted of a Class D or Class E crime involving domestic violence must be [two]

years, except that the term of probation must be terminated at the time the probationer completes a certified batterers' intervention program ...."

addresses the propriety, and not the legality of the sentence.[3]

The entry is:

The sentence is vacated and remanded to the Superior Court for resentencing.

**3.** A review of the record does not support Briggs's contention that the court improperly considered Briggs's refusal to plead guilty in determining his sentence. The court questioned Briggs about whether he admitted to threatening the victim, to which Briggs responded that he had, in a plea bargain offered before trial. This question was directed at the impact the crime had on the victim and whether Briggs accepted responsibility for his crimes.