**2005 ME 48**

**STATE of Maine**

v.

**Michael S. IRELAND.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 3, 2005.

Decided: April 5, 2005.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney, Bangor, for State.

James C. Beardsley, Rudman & Winchell, Bangor, for defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Michael S. Ireland appeals from a judgment of conviction for assault (Class C), 17–A M.R.S.A. § 207(1) (Supp. 2004), entered in the Superior Court (Penobscot County, *Jabar, J.*) following a jury trial. Ireland contends that the court erred in convicting him of an enhanced Class C charge in the absence of a finding that he had twice been previously convicted of assault. We disagree and affirm.

---

[¶ 2] In March of 2004, Ireland was indicted on one count of assault. Although assault is usually a Class D crime pursuant to 17–A M.R.S.A. § 207(2) (1983), Ireland was charged with an enhanced Class C assault based on his two prior assault convictions in the previous ten years pursuant to 17–A M.R.S.A. § 1252(4–A) (Supp. 2004).[1] Ireland pleaded not guilty to the charge.

[¶ 3] Prior to the start of Ireland's jury trial, Ireland, through his attorney, stated to the court that he was agreeing to stipulate to the two prior convictions.[2] The indictment against Ireland was therefore read to the jury without any mention of the prior convictions. No evidence was presented at the trial regarding the prior convictions. There was no instruction given to the jury about the prior convictions. Ireland did not object to the jury instructions, nor did he call to the court's attention that there was no mention of the prior convictions. Following the jury's verdict of guilty and the court's entry of a judgment, Ireland was sentenced to five years incarceration based on his conviction on the enhanced Class C charge of assault. Ireland appealed.

[¶ 4] In his appeal, Ireland now contends that the court erred in convicting him of the enhanced Class C assault charge because no findings were ever made regarding the existence of his two prior convictions. We agree that a defendant is entitled to have each element of the alleged crime, including those elements that serve only to enhance the sentence, proved and found beyond a reasonable doubt. *State v. Hodgkins*, 2003 ME 57, ¶ 10, 822 A.2d 1187, 1192. It is abundantly clear, however, that in this case Ireland stipulated to the fact that he had been convicted of assault on two prior occasions, thus obviating the need for any proof of or findings about the prior convictions.[3]

The entry is:

Judgment affirmed.

1. Section 1252(4–A) provides, in pertinent part:

   If the State pleads and proves that, at the time any crime, excluding murder, under chapter 9, 11, 13 or 27 or section 402–A, subsection 1, paragraph A was committed, the defendant had been convicted of 2 or more crimes violating chapter 9, 11, 13 or 27 or section 402–A, subsection 1, paragraph A or essentially similar crimes in other jurisdictions, the sentencing class for the crime is one class higher than it would otherwise be.

   17–A M.R.S.A. § 1252(4–A) (Supp. 2004).

2. Prior to the start of trial, the following exchange took place:

   MR. ROBERTS [ADA]: Before we begin, your Honor, I do understand that as we begin -- as we get to that point in the evidence that Mr. Ireland is going to stipulate in terms of his prior history and that therefore, factually, the only matter to be presented to the court is the first issue as to whether the assault occurred.
   THE COURT: Is that correct, Mr. Ruge?
   MR. RUGE [COUNSEL FOR IRELAND]: That's correct. And the State has also agreed to stipulate to the admissibility of a 911 tape from the evening in question.
   THE COURT: Is that correct?
   MR. ROBERTS: That's true.
   THE COURT: Okay. So, when the clerk reads the charge to the jury, it will not include reference to the prior offenses; it will just be to the assault. Have the jury brought in.

3. We note that it is good practice to ensure that the record clearly reflects that the defendant himself is personally aware of such a stipulation and its implications in terms of proof and findings.