2006 ME 1

**STATE of Maine**

v.

**Dow CAIN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 29, 2005.

Decided: Jan. 9, 2006.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney, Bangor, for State.

Joseph M. Baldacci, Esq., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] Dow Cain appeals from a judgment of the District Court (Bangor, *Murray, J.*) sentencing him to ten days in the Penobscot County Jail, a $600 fine, and a ninety-day license suspension, after his plea to a charge of operating under the influence, 29 M.R.S.A. § 2411 (1996 & Supp.2004). Cain argues that the court violated his Sixth Amendment rights by sentencing him beyond the mandatory minimum penalties prescribed by 29–A M.R.S.A. § 2411. Finding no Sixth Amendment violation, we affirm the judgment.

## I. CASE HISTORY

[¶ 2] In August 2004, Cain was stopped by police and cited for operating under the influence, and operating without a license. Cain was subsequently charged by a two-count complaint, with Count I, operating under the influence, 29–A M.R.S.A. § 2411(1–A) (Supp.2004); and Count II, operating without a license, 29–A M.R.S.A. § 1251(1)(A) (Supp.2004). Cain waived reading of the complaint and pleaded not guilty to the charges.

[¶ 3] The OUI charge in Count I was pleaded as a first offense, with no allegation of aggravating factors or prior offenses. Because first offense OUI is a Class D crime, the maximum sentence that a court may impose upon conviction is 364 days imprisonment in the county jail and a $2000 fine. 17–A M.R.S.A. §§ 1252(2)(D), 1301(1–A)(D) (1983 & Supp.2004). The mandatory minimum penalty for a first offense, without aggravating factors or prior offenses, is a $500 fine and a ninety-day license suspension. 29–A M.R.S.A. § 2411(5)(A) (Supp.2004). As charged, the offense required no mandatory minimum jail time.

[¶ 4] Prior to trial, a plea agreement was reached in which Cain pleaded guilty to Count I, the OUI charge, and Count II was dismissed. Under the plea agreement, the State recommended a maximum of ten days in jail and a $700 fine, with an eighteen-month license suspension. The State's recommendation was based on the fact that Cain had prior OUI convictions in 1989 and 1996.

[¶ 5] At the plea hearing in December 2004, Cain's counsel raised the Sixth Amendment [1] sentencing issue addressed by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The court (*Stitham, J.*) requested briefs on

---

1. The Sixth Amendment to the United States Constitution states:

   In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

   U.S. CONST. amend. VI.

   Article I, § 6 of the Maine Constitution, entitled Rights of persons accused, states in pertinent part:

   In all criminal prosecutions, the accused shall have a right to be heard by the accused and counsel to the accused, or either, at the election of the accused;
   To demand the nature and cause of the accusation, and have a copy thereof;
   To be confronted by the witnesses against the accused;
   To have compulsory process for obtaining witnesses in favor of the accused;
   To have a speedy, public and impartial trial, and, except in trials by martial law or impeachment, by a jury of the vicinity. The accused shall not be compelled to furnish or give evidence against himself or herself, nor be deprived of life, liberty, property or privileges, but by judgment of that person's peers or the law of the land.
   ME. CONST. art. I, § 6.

the issue and a briefing schedule was set. At the hearing following briefing, the State urged the court to impose a ten-day jail sentence, a fine of $700 plus surcharges, and an eighteen-month license suspension. Cain asserted that the mandatory minimum sentence was required, unless he was accorded a jury trial to find facts justifying a sentence above the minimum. On February 9, 2005, the court (*Murray, J.*) sentenced Cain to ten days in the county jail, a $600 fine, and a ninety-day license suspension. The sentence was stayed pending this appeal.

## II. LEGAL ANALYSIS

[¶ 6] Cain does not challenge his conviction. Cain contends that he has a constitutional right to have a jury determine any facts justifying a sentence above the minimum sentence, relying on opinions of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[¶ 7] Our standard of review as to whether there was a constitutional violation in the sentencing is de novo. *See State v. Hodgkins*, 2003 ME 57, ¶¶ 7–11, 822 A.2d 1187, 1191–93. Review of application of discretionary sentencing factors is under an abuse of discretion standard. *See State v. Cookson*, 2003 ME 136, ¶ 38, 837 A.2d 101, 112.

[¶ 8] Cain makes two arguments as to why there was a constitutional violation in sentencing him to ten days in jail and a $600 fine.[2] First, Cain argues, citing *Landry v. State*, 575 A.2d 315 (Me.1990), that prior convictions used in determining whether or not an enhanced sentence is appropriate must be pleaded and proved to a jury. He asserts that the State was recommending an enhanced sentence pursuant to 29–A M.R.S.A. § 2411(5)(B),[3] requiring the State to plead the prior convic-

2. Cain does not appeal the ninety-day license suspension, which is the prescribed suspension for the offense. 29–A M.R.S.A. § 2411(5)(A)(2) (2004).

3. Section 2411(5) states, in pertinent part:
The following minimum penalties apply and may not be suspended:
A. For a person having no previous OUI offenses within a 10–year period:
(1) A fine of not less than $500, except that if the person failed to submit to a test, a fine of not less than $600;
(2) A court-ordered suspension of a driver's license for a period of 90 days; and
(3) A period of incarceration as follows:
(a) Not less than 48 hours when the person:
(i) Was tested as having a blood-alcohol level of 0.15% or more;
(ii) Was exceeding the speed limit by 30 miles per hour or more;
(iii) Eluded or attempted to elude an officer; or
(iv) Was operating with a passenger under 21 years of age; and

(b) Not less than 96 hours when the person failed to submit to a test at the request of a law enforcement officer;
B. For a person having one previous OUI offense within a 10–year period:
(1) A fine of not less than $700, except that if the person failed to submit to a test at the request of a law enforcement officer, a fine of not less than $900;
(2) A period of incarceration of not less than 7 days, except that if the person failed to submit to a test at the request of a law enforcement officer, a period of incarceration of not less than 12 days;
(3) A court-ordered suspension of a driver's license for a period of 18 months; and
(4) In accordance with section 2416, a court-ordered suspension of the person's right to register a motor vehicle . . . .
29–A M.R.S.A. § 2411(5) (Supp.2004). Cain argues that the State was recommending an enhanced sentence pursuant to section 2411(5)(B), and contends that the court accepted this recommendation.

tions in the complaint. *See* 17–A M.R.S.A. § 9–A(1) (Supp.2004); M.R.Crim. P. 3(a).

[¶ 9] Second, Cain argues that this case is factually and legally analogous to *Blakely* because the combination of 17–A M.R.S.A. § 1252 (1983 & Supp.2004) and 17–A M.R.S.A. § 1301 (1983 & Supp.2004), that set up the basic regime for sentencing and fines, and 29–A M.R.S.A. § 2411(5), that provides for minimum penalties for criminal OUI, is a similar scheme to that at issue in *Blakely*. Cain asserts that the fact of his prior convictions must be proved beyond a reasonable doubt because they enhanced his sentence, and that the maximum sentence that could have been imposed without additional facts admitted or proved beyond a reasonable doubt would be the minimum $500 fine and a ninety-day license suspension.

[¶ 10] The sentencing court did not consider itself to be sentencing Cain pursuant to 29–A M.R.S.A. § 2411(5)(B), the section setting mandatory minimum penalties for a person with a prior OUI conviction within a ten-year period. The court stated:

> I'm going to base my sentence in this case on the fact that there were prior convictions for OUI, one within the ten-year period, and I believe the other was fairly substantially outside ... the ... ten-year period. So, in this case, it seems to me that it is the prior conviction or convictions which I am considering. Moreover, the maximum sentence a Maine court can impose in an OUI case under the complaint as written in this case is three hundred and sixty-four days in jail and a two-thousand-dollar fine. I am considering the prior convictions in this case not pursuant to 29–A M.R.S.A. Section [2411(5)(B)], but I am considering them ... to determine what

I believe to be the proper exercise of discretion within the maximum sentence of three hundred and sixty-four days and a two-thousand-dollar fine.[4]

[¶ 11] Although the prosecution may have recommended the penalties included in section 2411(5)(B), the sentencing court sentenced Cain pursuant to 29–A M.R.S.A. § 2411(5)(A), that subjects a defendant to the penalties for a Class D crime.

■ [¶ 12] The opinions of the United States Supreme Court in *Blakely,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and *Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, have required substantial review and reexamination of sentencing practices in many jurisdictions. *See, e.g., State v. Schofield,* 2005 ME 82, 876 A.2d 43, 2005 WL 1529678 (2005). However, those opinions are clear that accepted sentencing practices, utilizing judicial fact-finding to support exercise of sentencing discretion, may continue without offense to the Sixth Amendment for all sentencings other than those where the fact-finding triggers an enhancement in the severity of the maximum sentence that may be imposed. *Blakely,* 542 U.S. at 308–09, 124 S.Ct. 2531.

[¶ 13] *Booker* held that the federal sentencing guidelines violated the Sixth Amendment only because certain ranges of sentences were mandated by law based on facts found by a judge rather than a jury. 543 U.S. at 231–34, 125 S.Ct. at 749–50. The common flaw of the sentencing guidelines addressed in *Blakely* and *Booker* was that "the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges." *Booker,* 543 U.S. at 233, 125 S.Ct. at 749–50. Other than the mandatory minimum sentence,

---

4. The sentencing court relied on a certified printout of Cain's record from the Bureau of Motor Vehicles.

Maine's OUI first offense sentencing law imposes no such "binding requirements."

[¶ 14] Justice Breyer's opinion in *Booker* emphasized that sentencing statutes may properly list factors, including aggravating or mitigating facts, that a judge is required to consider in sentencing, as long as the facts found inform the exercise of the judge's sentencing discretion, but do not mandate what sentence shall be imposed. 543 U.S. at 258–60, 125 S.Ct. at 764–65.

[¶ 15] Justice Scalia's opinion in *Blakely* clarified that it is not intended to infringe judicial fact-finding traditionally employed in the exercise of judicial discretion to impose a sentence. 542 U.S. at 308–09, 124 S.Ct. 2531. Responding to arguments by the State and the dissenters that *Blakely's* result could compromise discretionary, indeterminate sentencing laws, Justice Scalia wrote:

> [T]he Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence—and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with

10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10–year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10–year sentence—and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Blakely,* 542 U.S. at 308–09, 124 S.Ct. 2531.

[¶ 16] The *Blakely/Apprendi* holding that facts incident to a crime that enhance the specified penalty for a crime must be pleaded and proved to the jury or other fact-finder is consistent with the state of the law in Maine when Cain committed his offense. We have held that any fact incident to a crime that may enhance the penalty for that crime above the maximum sentence set by law must be pleaded and proved beyond a reasonable doubt to the fact-finder at trial, not at a later sentencing hearing. *See State v. Briggs,* 2003 ME 137, ¶ 5, 837 A.2d 113, 116; *Hodgkins,* 2003 ME 57, ¶¶ 9–11, 822 A.2d at 1191–93 (recognizing *Apprendi* and applying Maine law as consistent with *Apprendi* to reduce an enhanced probation term, where the facts to support the enhanced term were not pleaded and proved to the trial fact-finder).

[¶ 17] Unlike *Booker, Blakely, Apprendi, Briggs,* and *Hodgkins,* no facts incident to Cain's crime caused an enhancement of his sentence above the statutory maximum of 364 days and a $2000 fine.

[¶ 18] The first offense OUI sentencing scheme is not analogous to the range of sentence system in the State of Washington from *Blakely* (or the New Jersey statute from *Apprendi* ). If there is a "range" involved it is a jail term of zero days to 364 days. The "range," if any, of fines that could be imposed under 17–A M.R.S.A.

§ 1301 and 29–A M.R.S.A. § 2411(5) is from $500 to $2000. The sentencing judge sentenced Cain to ten days in jail and a $600 fine—well below the limits that could have been imposed. *See State v. Miller*, 2005 ME 84, ¶ 14, 875 A.2d 694, 697.

[¶ 19] The first offender OUI penalties set by law do not require findings of the fact of prior convictions to be pleaded or proved beyond a reasonable doubt. Prior convictions are, instead, discretionary factors to be considered by the sentencing judge in imposing any sentence below the statutory maximum. There was no Sixth Amendment violation in Cain's sentencing within the statutory range.

The entry is:

Judgment affirmed.