2007 ME 44

**STATE of Maine**

v.

**Joseph J. NUGENT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2006.

Decided: March 22, 2007.

---

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Randy G. Day, Garland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, and LEVY, JJ.*

SAUFLEY, C.J.

[¶ 1] Joseph J. Nugent appeals from his conviction and sentence entered in the District Court (Millinocket, *Stitham, J.*) following a bench trial for assault (Class D), 17–A M.R.S. § 207(1)(A) (2006), of a "family or household member," 19–A M.R.S. § 4002(4) (2006). We affirm the conviction for assault, but because the evidence admitted at trial was insufficient to support a finding, beyond a reasonable doubt, that Nugent and the victim were "family or household members," we vacate the sentence and remand to the District Court for resentencing.

## I. BACKGROUND

[¶ 2] Nugent was convicted for an assault he committed against a female victim outside a bar in Millinocket, on the evening of September 4, 2005. The criminal complaint against Nugent alleged both an assault (Class D) and that the victim was a "family or household member as defined by 19–A M.R.S.A. 4002(4)."[1] The "family or household member" allegation was not essential to support the conviction, but, if proven, would justify extending the maximum probation period available for the Class D assault from one year to two years.

---

* Justice Howard H. Dana Jr. participated in the initial conference but retired before this opinion was certified.

1. Nugent was also charged with failure to sign a uniform summons and complaint (Class E), 29–A M.R.S. § 2601(10) (2006). Nugent was found guilty of this charge at trial and does not appeal the conviction.

[¶ 3] The State's case included the following testimony concerning the nature of the relationship between Nugent and the victim: (1) almost a year prior to the assault, they had ended a six-month dating relationship; (2) they had been involved in several months of disputes following the termination of their relationship; (3) they had previously been in a "boyfriend/girlfriend" relationship; (4) Nugent had expressed anger because the victim was dating other people; (5) before the assault, the victim told Nugent, "[w]ell, I'm not with you any more, you know"; and (6) Nugent had tried to retrieve a pair of cufflinks from the victim's residence the day after the assault.

[¶ 4] Following the completion of the State's case, Nugent moved for a judgment of acquittal, M.R.Crim. P. 29(a), arguing that the State had failed to prove that he and the victim were household members because no evidence had been presented at trial that they had ever lived together, held themselves out as spouses, or been sexual partners. In response to the motion, the State did not cite any evidence showing that Nugent and the victim had ever been married, lived together, or been sexual partners. Nor did the State seek to reopen its case to present such evidence. Rather, the State simply deferred to the court's recollection. The court denied Nugent's motion.

[¶ 5] Nugent then rested his case without presenting additional evidence. In closing arguments, Nugent again argued that the State had failed to prove that he and the victim were household members. He also argued that the State had failed to prove beyond a reasonable doubt that the assault had occurred. The court found Nugent guilty of assault and found that the assault had been committed against a family or household member. Consequently, the court sentenced Nugent to sixty days in jail, all suspended, with two years of probation, and required him to attend a certified batterers' intervention program. This appeal followed.

## II. DISCUSSION

[¶ 6] All elements of a crime, and all facts that may enhance a sentence or a period of probation, must be proved beyond a reasonable doubt. 17-A M.R.S. §§ 9-A(1), 32 (2006); *see also State v. Hodgkins,* 2003 ME 57, ¶¶ 9-11, 822 A.2d 1187, 1192-93. A person commits assault if he or she "intentionally, knowingly or recklessly causes bodily injury or offensive physical contact to another person." 17-A M.R.S. § 207(1)(A). Assault is a Class D crime. *Id.* The record evidence fully supports the court's finding that Nugent assaulted the victim.

[¶ 7] Under most circumstances, a person convicted of a Class D crime cannot be placed on probation for a period exceeding one year. 17-A M.R.S. § 1202(1) (2006). A person convicted of a Class D crime can be sentenced to probation for a period of up to two years, however, if the State pleads and proves that "the enumerated Class D or Class E crime was committed by the person against a family or household member, and if the court orders the person to complete a certified batterers' intervention program ...." 17-A M.R.S. § 1202(1-B).

[¶ 8] For purposes of section 1202(1-B), the definition of the term "family or household member" includes former sexual partners:

"Family or household members" means spouses or domestic partners or former spouses or former domestic partners, individuals presently or formerly living together as spouses, natural parents of the same child, adult household members related by consanguinity or affinity or minor children of a household mem-

ber when the defendant is an adult household member and, *for the purposes of this chapter and Title 17–A, sections 1201, 1202 and 1253 only*, includes individuals presently or formerly living together and *individuals who are or were sexual partners.*

19–A M.R.S. § 4002(4) (emphasis added).

[¶ 9] Nugent argues that the evidence presented at trial was insufficient to prove that he and the victim were family or household members because the State offered no evidence to show that he and the victim had ever lived together, that they were related, that they had ever been married, or that they had been sexual partners.

[¶ 10] When reviewing the sufficiency of evidence supporting a criminal conviction, we will "consider the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged." *State v. Smen,* 2006 ME 40, ¶ 7, 895 A.2d 319, 321 (quotation marks omitted). A conviction may be grounded in circumstantial evidence, and the fact-finder may make any reasonable inference from this evidence. *State v. Ardolino,* 1997 ME 141, ¶ 20, 697 A.2d 73, 80.

[¶ 11] The only definition of "family or household members" that Nugent and the victim could meet, based on this record and the arguments of the parties, is that of "individuals who are or were sexual part-

ners." *See* 19–A M.R.S. § 4002(4). Thus, we must examine the record to see if there is any evidence that could support a finding beyond a reasonable doubt that Nugent and the victim were former sexual partners.

[¶ 12] The State concedes that it cannot point to any explicit testimony demonstrating that a sexual relationship has ever existed between Nugent and the victim. The State also does not argue that anything else presented to the court in the form of gesture or body language supports its argument. Rather, the State argues that a fact-finder could rationally infer that a sexual relationship existed "from the circumstances of their relationship and the terminology they used to describe it."

[¶ 13] The issue, therefore, is whether a fact-finder could rationally infer a sexual relationship, beyond a reasonable doubt, from the evidence before it. The following testimony presents the totality of evidence that could be used to infer that Nugent and the victim had been sexual partners: [2]

- The victim testified that she and Nugent had "dated" for six months, and had fought for several months afterwards.

- Numerous times during her direct and cross-examinations, the victim responded affirmatively to questions referring to "dating" and the "relationship." [3]

- During her direct examination, the victim twice responded affirmatively to

---

**2.** During the trial, Nugent played several phone messages left by the victim on his answering machine, which the State characterizes as "about the kind of small, day-to-day details of life that people in close relationships discuss." None of these messages were transcribed, and the recordings are not available in the record. The State does not argue that those messages contained any evidence relevant to the sexual nature of the relationship.

**3.** The victim's cross-examination included the following examples:

> Q. (Nugent) "[Y]ou said that I wasn't—did I stop dating you ... in October of 2004?"
> A. Yeah.
> . . . .
> Q. (Nugent) "When did our relationship end ...?"
> A. "In October."

questions referring to a "boyfriend/girl-friend" relationship.[4]

- In the moments leading up to the assault, Nugent expressed anger because the victim had begun dating someone other than him.
- Just prior to the assault, the victim told Nugent, "Well, I'm not with you anymore, you know."
- A friend of the victim testified that Nugent went to the victim's home the day after the assault to retrieve a pair of cufflinks he owned.

[¶ 14] The State argues that the testimony evidences a relationship "in this modern day," where, given the additional facts provided above, a fact-finder could rationally find that two adults in a six-month "boyfriend/girlfriend" relationship must be sexual partners. If this were a civil case with a "preponderance of the evidence" or "more likely than not" standard of proof, the State's argument might be stronger, although it would not compel the State's desired result. In a recent civil case, *Jacobs v. Jacobs*, 2007 ME 14, 915 A.2d 409, we held that evidence of a brother-sister relationship, by itself, was insufficient to support a finding that the brother and sister had lived in a family or household relationship as adults, absent case-specific evidence sufficient to prove one or more of the indicia of family or household member status defined in section 4002(4). *Id.* ¶¶ 9–10, 915 A.2d at 411.

[¶ 15] The same or stricter standards apply to a criminal case, where any essential finding requires the higher "beyond a reasonable doubt" standard of proof. This standard demands case-specific evidence of a sexual relationship or some other indicia of family or household member status, as defined in section 4002(4). Reliance on the State's argument that a sexual relationship may be presumed in any adult dating relationship is not enough to prove this fact in a criminal case. Beyond this argument, the State offered no other case-specific evidence of the existence of any indicia of family or household member status as defined in section 4002(4), even though the lack of such evidence was discussed during the trial.

[¶ 16] Although we view the evidence in the light most favorable to the State, based on the record before us, a fact-finder could not rationally find *beyond a reasonable doubt* that Nugent and the victim were former sexual partners. In a case where the finding of a sexual relationship is necessary to expose the defendant to an elevated punishment, the State may not rely on a mere assumption of sexual activity, based on what it estimates to be society's current mores, to prove beyond a reasonable doubt that the victim was a past sexual partner of the defendant.

[¶ 17] Nugent also argues that, because he moved for a judgment of acquittal at the end of the State's case based on the State's failure to prove that he and the victim were family or household members, we should vacate his conviction and remand the case to the District Court so that he may proceed with a defense against the underlying assault charge. Nugent, however, did not argue against the underlying assault charge in his motion for acquittal, and his relationship with the victim was

---

4.  Q. (State) "And was it during the time period ... that you knew the defendant, or had a-"
    A.  "Yes."
    Q.  "-boyfriend/girlfriend relationship with him?"
    A.  "Yes."

. . . .

Q.  (State) "How much prior to [the night of the assault] had you and Mr. Nugent discontinued your boyfriend/girlfriend relationship?"
A.  "Almost a year."

relevant only for purposes of sentencing. Because Nugent does not otherwise argue against the conviction for assault, we do not disturb it. Thus, we vacate only Nugent's sentence of two years of probation, and we remand to the District Court for resentencing. *See, e.g., State v. Briggs,* 2003 ME 137, ¶ 5, 837 A.2d 113, 116; *cf. Hodgkins,* 2003 ME 57, ¶ 11, 822 A.2d at 1193.

The entry is:

The sentence is vacated and remanded to the District Court for resentencing.