**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0499, <u>Joseph J. Nugent, III v. New Hampshire Department of Safety</u>, the court on May 15, 2018, issued the following order:**

Having considered the petitioner's brief, the respondent's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Joseph J. Nugent, III, appeals an order of the Superior Court (<u>Ignatius</u>, J.), following a hearing, upholding a decision of a hearings examiner for the Bureau of Hearings of the respondent, the New Hampshire Department of Safety (department), <u>see</u> RSA 21-P:13 (Supp. 2017), to take no action on his appeal from the denial of his application for a driver's license. <u>See</u> RSA 263:76 (2014) (governing appeals to superior court from a decision to deny an application for a New Hampshire driver's license). The petitioner's application was denied because his license has been suspended by the State of Maine for his failure to appear at two separate court hearings. The hearings examiner ruled that the petitioner was not eligible for a New Hampshire license until he had restored his license in the State of Maine. The petitioner suggests that the Maine court appearances for which he defaulted were related to a criminal matter that resulted in his conviction. <u>See</u> <u>State v. Nugent</u>, 917 A.2d 127 (Me. 2007). He further suggests that he was deprived of fundamental constitutional rights in that criminal case, that his conviction was wrongful, and that returning to Maine to address the license suspension would subject him to arrest and other potentially harmful consequences.

In upholding the hearings examiner's decision, the trial court ruled that the denial was authorized by the Driver License Compact (compact), which is codified in RSA 263:77 (2014), and by <u>N.H. Admin. Rules</u>, Safe-C 204.01. The trial court further ruled that it had no authority to vacate the Maine default orders, to address issues concerning the Maine case, to order the Maine Department of Motor Vehicles or the New Hampshire Division of Motor Vehicles (division) to grant or restore the petitioner's driving privileges, or to grant the petitioner a temporary license pending resolution of his legal issues in Maine. Finally, the trial court ruled that, even if it had authority to grant the petitioner a temporary license, the facts of the case did not warrant such relief.

On appeal, although the petitioner frames his issues in twenty-eight separately-numbered questions presented for review, we construe his brief to

argue that the trial court erred by relying upon the compact, and by not concluding that it had authority to order the division to grant him a license because he was deprived of fundamental constitutional rights in the Maine criminal matter, and because he otherwise is not a "problem driver."  He additionally argues that he has been deprived of fundamental constitutional rights in this case, including the right to a trial by jury.  We note that the petitioner has not provided a transcript of the hearing before the superior court.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (appealing party bears burden of providing record sufficient both to demonstrate that his issues are preserved and to decide such issues).  We also note that any constitutional arguments are not sufficiently developed to warrant further review.  See State v. Blackmer, 149 N.H. 47, 49 (2003).

In an appeal to superior court from the denial of an application for a driver's license, "[a]ll findings of the director [of the division] upon all questions of fact properly before [her] shall be deemed prima facie lawful and reasonable."  RSA 263:76.  "The decision appealed from shall not be set aside or vacated [by the superior court] except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable."  Id.  We, in turn, will uphold the trial court's order unless it is unsupported by the evidence or legally erroneous.  See Kerouac v. Dir., N.H. Div. of Motor Vehicles, 158 N.H. 353, 355 (2009).

A New Hampshire driver's license is subject to regulation under the police power.  See State v. Severance, 108 N.H. 404, 408 (1968).  Under the compact, the division is required to deny an application for a driver's license if the applicant has held a license issued by another party state, the license "has been suspended by reason, in whole or in part, of a violation[,] and . . . such suspension period has not terminated."  Compact art. V(a).  Similarly, under Saf-C 204.01, if the department learns that a New Hampshire resident who has applied for a license "is under suspension . . . for . . . court defaults . . . in another jurisdiction," the department is required to "give the same effect to the offense or conduct reported . . . as [it] would if the offense or conduct had occurred in New Hampshire," and "to deny or suspend the person's license or driving privileges until the person furnishes evidence of compliance with the law of such other jurisdiction."  N.H. Admin. Rules, Safe-C 204.01(a)-(c).  In New Hampshire, when a criminal defendant "[d]efaults on an arraignment or other scheduled court appearance in connection with a charge or conviction of any offense," the defendant's license is generally suspended or revoked until the defendant cures the default.  RSA 263:56-a, I(a), II(a), III (2014).

As the appealing party, the petitioner has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the petitioner's challenges to it, the relevant

law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**