STATE of Maine

v.

Ricky MacDONALD.

Supreme Judicial Court of Maine.

Argued June 3, 1987.

Decided July 1, 1987.

R. Christopher Almy, Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Claire A. Julian (orally), Stavros & St. Onge, Kennebunkport, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Ricky MacDonald appeals from the judgment of conviction of operating an automobile while under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp. 1986), entered by the Superior Court, Penobscot County, after a jury-waived trial. He asserts that the definition of "operator" set forth in 29 M.R.S.A. § 1(8–A) (1978) must be applied to the conduct prohibited by section 1312–B, and accordingly the court erred in finding that MacDonald's operation of a motor vehicle in a private driveway violated section 1312–B. We hold the court properly applied the law and affirm the judgment.

Section 1312–B states in pertinent part:

**1. Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

**A.** While under the influence of intoxicating liquor ...; or

**B.** While having 0.10% or more by weight of alcohol in his blood.

Section 1(8–A) provides:

As used in this Title, unless the context otherwise indicates, the following words shall have the following meanings.

. . . .

**8–A. Operator.** "Operator" shall mean every person who drives or is in actual physical control of a motor vehicle upon a highway or who is exercising control over or steering a vehicle being towed by a motor vehicle.

MacDonald does not challenge the court's finding that he was under the influence of intoxicating liquor while operating a motor vehicle. He argues as he did before the trial court that because section 1312–B does not define "operates", the definition of "operator" in section 1(8–A) governs and restricts the applicability of section 1312–B to the operation of a motor vehicle on a public highway.

The word "operator" does not appear in section 1312–B. The language used in section 1312–B is clear and unambiguous. Nothing in the statute excepts from its scope the operation of a motor vehicle on a private way. "Unless the statute itself discloses a contrary intent, the plain meaning of the words controls." *State v. Hudson*, 470 A.2d 786, 788 (Me.1984). The statutory proscription here is plainly applicable to private as well as public ways. Accordingly, the trial court properly found that MacDonald's conduct was in violation of section 1312–B.

The entry is:

Judgment affirmed.

All concurring.