**STATE of Maine**

v.

**Michael CORSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1993.

Decided Dec. 7, 1993.

Stephanie Anderson, Dist. Atty., Thomas Marjerison, Asst. Dist. Atty., Portland, for State.

John E. Geary, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

---

WATHEN, Chief Justice.

Defendant Michael Corson appeals from a decision of the Superior Court (Cumberland County, *Fritzsche, J.*) convicting him of operating a motor vehicle as a habitual offender. Corson contends that the verdict was based on an erroneous jury instruction that a store parking lot is a public way. Finding no error, we affirm the judgment.

Sergeant Michael Morrill of the Yarmouth Police Department testified that he observed Corson operating a motor vehicle both in the parking lot of a 7–Eleven store and on Cleaves Street in Yarmouth. The trial court instructed the jury "as a matter of law that a parking lot under these circumstances, which is between two streets and goes to a store, would be a public way."[1] The jury found Corson guilty of operating a motor vehicle as a habitual offender. Corson appeals, asserting that the jury instruction that the parking lot was a public way is reversible error.

Contrary to Corson's contention, the instruction given by the trial court is a proper statement of the law. Habitual offenders are prohibited from operating a motor vehicle "on a public way, as defined in Title 17–A, section 505, subsection 2." 29 M.R.S.A. § 2298(1) (Pamph.1992).

> "[P]ublic way" means any public highway or sidewalk, private way laid out under authority of statute, way dedicated to public use, way upon which the public has a right of access or has access as invitees or licensees, or way under the control of park commissioners or a body having like powers.

17–A M.R.S.A. § 505(2) (1983). "Way" is not defined in the statute, but the dictionary defines "way" as a "passage, path, road, or street." *Black's Law Dictionary* 1428 (5th ed. 1979). The evidence revealed that the parking lot involved in this case is used not only for parking but also for access to the store, thus it functions as a way from the public street to the store. The public has access to the lot as invitees, due to the nature of 7–Eleven as a business. *See Poulin v. Colby College,* 402 A.2d 846, 849 (Me.

1979) (invitee is one on premises to confer economic benefit on owner); *Orr v. First National Stores, Inc.,* 280 A.2d 785, 789 & n. 3 (Me.1971) (same). In accordance with the plain meaning of the statute, *see State v. MacDonald,* 527 A.2d 758, 759 (Me.1987), the court properly instructed the jury.

The entry is:

Judgment affirmed.

All concurring.

---

1. Defendant does not question the implicit factual conclusions underlying the court's instruction, but rather argues solely that the court erred as a matter of law.