2001 ME 44

**STATE of Maine**

v.

**Leslie TURNER**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 31, 2001.

Decided March 3, 2001.

Michael E. Povich, District Attorney, Paul F. Cavanaugh II, Asst. Dist. Atty., Calais, for State.

Donald F. Brown, Esq., Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Leslie Turner appeals from the judgment entered in the Superior Court (Washington County, *Atwood, J.*) on a jury verdict finding him guilty of violating a protective order by contacting his son by e-mail in violation of 19–A M.R.S.A. § 4011 (Supp.2000).[1] Turner argues that the court erred by admitting copies of correspondence that he had allegedly sent his son prior to the date of the charged violation and that the evidence is insufficient to support the jury's verdict. We disagree and affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: Rhonda Flood married Turner in 1982. They had two children together, Benjamin and Jacob, and were divorced in 1993. In May of 1998, Rhonda received a protective order for herself and for her children. The order prohibited Turner from having any contact, direct or indirect, with Rhonda or the children except for supervised visits consistent with the divorce judgment.

[¶ 3] The complaint alleges that Turner violated this order on June 25, 1998 by "having unsupervised contact with Benjamin." On that day, Rhonda testified, Turner contacted Benjamin by e-mail. She also testified that Turner had contacted Benjamin several other times before June 25th by e-mail and by letter. Rhonda explained that when Benjamin would receive an e-mail from Turner, he would show it to her on the computer screen and she would then print a copy.

[¶ 4] In addition to admitting a copy of the June 25th e-mail, the court admitted printed copies of six other e-mails and one handwritten letter that Turner had sent to Benjamin. It instructed the jury that these exhibits were admissible "solely for the purpose of establishing the identity of who sent the June 25 correspondence or to show the defendant's knowledge of the [protective] order or the circumstances by which others might receive his correspondence or to show that his actions were intentional, that is to say purposefully done." Rhonda testified that the documents contain expressions that Turner would have used and refer to personal information that Turner would have known. She explained that the e-mails have Turner's e-mail address in the sender's box and that the handwritten letter contains Turner's handwriting. Officer Rolfe, of the Baileyville Police Department, testified that, after receiving a complaint from Rhonda on May 17th, he warned Turner not to continue making indirect contact by e-mail. Turner sent at least two e-mails and the handwritten letter, however, after this warning.

 [¶ 5] Turner argues that the documents Benjamin received prior to the date of the alleged violation should have been excluded either pursuant to Rule 404(b) or 403 of the Maine Rules of Evidence. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person

---

1. Section 4011 provides that violation of a "temporary, emergency, interim or final protective order" is a "Class D crime, when the defendant has prior actual notice, which may be notice by means other than service in hand, of the order or agreement." 19–A M.R.S.A. § 4011. The court sentenced Turner to six months in the county jail, all suspended, and one year of probation.

acted in conformity therewith." M.R. Evid. 404(b). Such evidence is admissible, however, "for purposes other than to show propensity, such as to demonstrate motive, opportunity, intent, preparation, plan, knowledge, identity, ... absence of mistake," or the relationship between the parties. *State v. DeMass*, 2000 ME 4, ¶ 12, 743 A.2d 233, 236. We review the trial court's decision to admit evidence under Rule 404(b) for clear error and under Rule 403 for abuse of discretion. *Id.* ¶ 11. Contrary to Turner's contention, the evidence was properly admitted because it is probative of the identity of the e-mail's author, and because it demonstrates that Turner knew of the protective order and that he acted intentionally. In addition, the evidence is not so voluminous or prejudicial that its exclusion is required under Rule 403.[2]

[¶ 6] Turner also argues that the evidence is insufficient to support the jury's verdict because "[t]he record is absolutely void of any direct evidence to show that [he] authored the e-mails or that he in fact sent them or that Benjamin Turner received them."[3]

In examining the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged. We will overturn the [trial court's] judgment only if no trier of fact rationally could have found the essential elements of the charged offense beyond a reasonable doubt.

*State v. Black*, 2000 ME 211, ¶ 14, 763 A.2d 109, 113 (citations and quotations omitted). Contrary to Turner's contention, the jury could have rationally found that he authored the e-mails, that he sent them, and that Benjamin received them. As Rhonda explained at trial, when Benjamin would receive an e-mail from Turner, he would show it to her on the computer screen, and she would then print a copy. She testified that the correspondence contains expressions that Turner would have used and relates personal information that Turner would have known. She also maintained that the handwritten letter contains Turner's handwriting. Although the State did not provide direct evidence that Turner had authored and sent the correspondence, the evidence provided is sufficient for jurors to rationally conclude beyond a reasonable doubt that he had done so.

The entry is:

Judgment affirmed.

---

2. Rule 403 provides:
 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay; waste of time, or needless presentation of cumulative evidence.
 M.R. Evid. 403.

3. Turner also briefly argues that there is no evidence that Turner violated the protection order because Rhonda testified that she was always present when Benjamin received the e-mails. As such, he maintains, if contact was made, it was supervised contact permitted by the order. This argument is meritless, however, because the order prohibited Turner from having any contact, direct or indirect, with Rhonda or the children.