2003 ME 126

**STATE of Maine**

v.

**Benjamin MALO.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 25, 2003.

Decided: Oct. 29, 2003.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, for State.

Schuyler Steele, Esq., Newport, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Benjamin Malo appeals from judgments of conviction entered in the District Court (Newport, *Stitham, J.*), for operating after suspension (Class E), 29–A M.R.S.A. § 2412–A (1996 & Supp.2002), and failure to make a forty-eight-hour accident report (Class E), 29–A M.R.S.A. § 2251 (1996 & Supp.2002). Malo contends that both of his convictions must be vacated because the evidence was not sufficient. We affirm the conviction for operating after suspension, but because there was insufficient evidence that the accident Malo failed to report had occurred on a public way, we vacate the conviction for failure to make a forty-eight-hour accident report and remand to the District Court for the entry of a judgment of acquittal.

[¶ 2] The evidence at trial was somewhat conflicting, but there was testimony presented that Malo was operating a vehicle in Exeter, and that the vehicle Malo was operating collided with another vehicle that was parked in a private driveway, and further, that Malo did not file an accident report following the collision.

[¶ 3] We view the evidence in the light most favorable to the State. *State v. Turner*, 2001 ME 44, ¶ 6, 766 A.2d 1025, 1027. There was testimony establishing Malo's operation of a vehicle on a public way, and that at the time of the operation, Malo's license was under suspension. Such evidence was sufficient for a factfinder to rationally find each element of the offense of operating after suspension beyond a reasonable doubt. *See State v. Melanson*, 2002 ME 145, ¶ 9, 804 A.2d 394, 397.

[¶ 4] The evidence is insufficient, however, to support a conviction for failure to make a forty-eight-hour accident report because the State presented no evidence at trial to prove that the accident occurred on a public way.

[¶ 5] Pursuant to 29–A M.R.S.A. § 2251(5) (1996), "[a]n operator of a vehicle involved in a reportable accident shall, within 48 hours after the accident, make a written report of the accident to the Secretary of State on forms provided by the Secretary of State." A "reportable acci-

dent" is one that occurs "on a public way or a place where public traffic may reasonably be anticipated." *Id.* § 2251(1) (1996 & Supp.2002). A "public way" is defined as "a way, owned and maintained by the State, a county or a municipality, over which the general public has a right to pass." 29–A M.R.S.A. § 101(59) (1996). Although the statute does not define a "place where public traffic may reasonably be anticipated," the phrase is best defined as "a place open to public access." *See* Op. Me. Att'y Gen. 80–64. It would include "public and commercial parking areas, and other such places where those who enter are expressly or impliedly invited." *Id.*

[¶ 6] It is undisputed that the accident happened in a private driveway. Viewing the evidence most favorably to the State, the distance between the vehicle in the driveway that Malo struck and the roadway was no more than three feet. Although there is a possibility that the Town of Exeter owns the outermost portion of the driveway,[1] the State did not present any evidence that the accident occurred in any place other than on private property. Because, pursuant to section 2251(5), for an accident to be reportable, it must occur on a public way, there is insufficient evidence to support a conviction for failure to make a forty-eight-hour accident report. Because the evidence is insufficient, Malo is entitled to a judgment of acquittal.

The entry is:

Judgment of conviction for operating after suspension is affirmed. Judgment of conviction for failure to make a forty-eight-hour accident report is vacated, and remanded to the District Court for the entry of a judgment of acquittal.

---

1. It is common for municipalities to own a portion of land on either side of a roadway.