2006 ME 40

**STATE of Maine**

**v.**

**Gregory D. SMEN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 22, 2006.

Decided: April 26, 2006.

Michael E. Povich, Dist. Atty., Mary N. Kellett, Asst. Dist. Atty., Ellsworth, for State.

Jeffrey C. Toothaker, Toothaker & Chong, Ellsworth, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Gregory D. Smen appeals from judgments of conviction for one count of violation of a protection from abuse order (Class D), 19–A M.R.S. § 4011(1)(A) (2005); one count of terrorizing (Class D), 17–A M.R.S. § 210(1)(A) (2005); and one count of failure to sign a uniform summons and complaint (Class E), 17–A M.R.S. § 15–A(1) (2005), entered in the District Court (Ellsworth, *Brodrick, A.R.J.*) following a non-jury trial. Smen contends that insufficient evidence exists in the record to support his conviction as to the counts of violation of the protection order and terrorizing.[1] We disagree and affirm the convictions. Because Smen was improperly placed on probation for his conviction for terrorizing, however, we vacate the sentence imposed on Count II as to terrorizing, and remand for resentencing on that count.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to the State, *see State v. Turner*, 2001 ME 44, ¶ 6, 766 A.2d 1025, 1027, the evidence presented at trial disclosed the following facts. Smen and his wife were married in November of 2004. The parties separated shortly thereafter,

---

**1.** Smen does not challenge his conviction for failure to sign a uniform summons and com-

plaint.

and the wife moved out of their home and into the home of her boyfriend. On the wife's complaint for protection from abuse, the District Court (Newport, *Nivison, J.*) issued a protection order in February of 2005, which prohibited Smen from "having any contact, direct or indirect with [his wife]."

[¶ 3] On June 26, 2005, Smen called the home of his wife's boyfriend and Smen's wife answered the phone. Smen said to her, "Hi, this is your husband." She then handed the phone to her boyfriend. Smen asked him if he was involved in a physical relationship with his wife, and then stated to the boyfriend, "Well, now I'm gonna have to kill ya."

[¶ 4] Police arrested Smen later that night and transported him to the police station. The route to the police station took Smen nearby Smen's wife's boyfriend's home, at which time Smen indicated that he wished to stop at "the old lady's house" and beat up his wife and her boyfriend.

[¶ 5] The State charged Smen with one count of violation of a protection from abuse order (Class D), 19–A M.R.S. § 4011(1)(A); one count of terrorizing (Class D), 17–A M.R.S. § 210(1)(A); and one count of failure to sign a uniform summons and complaint (Class E), 17–A M.R.S. § 15–A(1). Smen pleaded not guilty to all three offenses.

[¶ 6] Following a trial, the court found Smen guilty of all three offenses. The court imposed identical sentences for the terrorizing and violation of a protection order counts—nine months incarceration with all but sixty days suspended and one year of probation, those sentences to be

2. The court also imposed a $200 fine for the conviction for failure to sign the uniform

served concurrently.[2] Smen filed this appeal.

## II. DISCUSSION

[¶ 7] Smen contends that the evidence does not support his convictions for violation of a protection from abuse order and terrorizing. In reviewing a challenge to the sufficiency of the evidence in a criminal matter, we consider the evidence "in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged." *Turner*, 2001 ME 44, ¶ 6, 766 A.2d at 1027 (quotation marks omitted). The fact-finder may draw "all reasonable inferences from the evidence." *State v. Michaud*, 1998 ME 251, ¶ 11, 724 A.2d 1222, 1228 (quotation marks omitted).

### A. Violation of a Protection from Abuse Order

[¶ 8] Violation of a protection from abuse order is committed when the defendant violates "[a] temporary, emergency, interim or final protective order" if the defendant "has prior actual notice" of the existence of the order. 19–A M.R.S. § 4011(1)(A). In this case, the State presented evidence that Smen's wife obtained a protection from abuse order against Smen that prohibited Smen from contacting her, that Smen was present at the protection from abuse hearing, and therefore had prior notice of the provisions of the order, and that after the protection order was issued, Smen called his wife at the residence where she resided with her boyfriend and spoke to her.

[¶ 9] Smen argues that this evidence is not sufficient to support his conviction on

summons and complaint.

this count because he did not know his wife was residing at that location, and that he was not attempting to contact his wife when he called the residence. The evidence, however, disclosed that when his wife answered the phone, Smen spoke to her, saying, "this is your husband." In addition, on the same evening that he made the phone call, Smen referred to the boyfriend's residence as "the old lady's house," thereby supporting a finding that Smen was aware that his wife was residing there. Accordingly, the evidence is sufficient to support the court's finding beyond a reasonable doubt that Smen committed each element of violating a protection from abuse order.

## B.  Terrorizing

■ The crime of terrorizing occurs when the defendant:

in fact communicates to any person a threat to commit or to cause to be committed a crime of violence dangerous to human life, against the person to whom the communication is made or another, and the natural and probable consequence of such a threat, whether or not such consequence in fact occurs, is . . . [t]o place the person to whom the threat is communicated or the person threatened in reasonable fear that the crime will be committed.

17–A M.R.S. § 210(1)(A). In this case, the State produced evidence at trial that Smen communicated to the wife's boyfriend that he intended to kill him.

■ [¶ 10] Smen argues that the evidence is insufficient to prove that he terrorized the boyfriend because the boyfriend never testified that he feared Smen might actually try to kill him. Section 210(1)(A), however, does not require that the State prove actual fear on the part of the victim. The statute expressly requires only that the natural and probable conse-

quence of conveying the threat is to create reasonable fear in the victim, *whether or not* the victim actually experiences such reasonable fear. 17–A M.R.S. § 210(1)(A). In this case, a fact-finder could and did find that the natural and probable consequence of Smen's threat that he would kill the wife's boyfriend would be to put the boyfriend in reasonable fear that Smen would do so, whether or not the boyfriend actually feared that Smen would kill him. Thus, the evidence supports the court's finding beyond a reasonable doubt that Smen terrorized the boyfriend of his wife.

■ [¶ 11] We do, however, note an error in the court's sentencing of Smen on Count II, the terrorizing count. The court sentenced Smen to nine months incarceration with all but sixty days suspended and one year of probation on his conviction for terrorizing. The Legislature has recently restricted the instances in which probation may be imposed. The imposition of probation following a conviction for terrorizing, a Class D offense, is permitted only when the victim and defendant are household or family members pursuant to 17–A M.R.S. § 1201(1)(A–1)(2) (2005). Because Smen and Smen's wife's boyfriend are not household or family members, the one-year period of probation was improperly imposed by the court as part of the sentence.

[¶ 12] Because the terrorizing sentence is identical to Smen's sentence for violation of the protection order and runs concurrently with it in this case, there is little practical effect or consequence to the court's imposition of a period of probation on Smen for terrorizing. Nevertheless, we are required to vacate the sentence the court imposed for Smen's conviction for terrorizing, and remand for the court to resentence on that count.

The entry is:

Judgments of conviction affirmed. Sentences affirmed, except that the sentence on Count II is vacated, and Count II is remanded to the Superior Court for resentencing.