2006 ME 139

**STATE of Maine**

v.

**Lewis MOORES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 20, 2006.
Decided: Nov. 28, 2006.

Michael E. Povich, District Attorney, Mary N. Kellett, Asst. Dist. Atty., Ellsworth, for the State.

Jeffrey C. Toothaker, Toothaker & Chong, Ellsworth, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] Lewis Moores appeals from his convictions entered in Superior Court (Hancock County, *Mead, J.*) for unlawful sexual contact (Class C), 17–A M.R.S.A.

§ 255(1)(C), (2), (3) (Supp.2002), and assault (Class D), 17–A M.R.S.A. § 207(1), (2) (1983 & Supp.2002), arising from an incident on or about January 11, 2003, and for unlawful sexual contact (Class C), 17–A M.R.S.A. § 255–A(1)(E) (Supp.2003), and assault (Class D), 17–A M.R.S.A. § 207(1)(A) (Supp.2003), arising from an incident on or about February 17, 2003.[1] Moores argues that the evidence is insufficient to support the jury's guilty verdict. We affirm the judgment but amend the docket entries and the judgment and commitment form to correctly reflect that, as a result of the jury's verdict, Moores was convicted of unlawful sexual contact (Class C), rather than the Class B offenses charged in the indictment.

## I. CASE HISTORY

[¶ 2] On review of a challenge to the sufficiency of the evidence to support a conviction, we view the evidence in a light most favorable to the State. *State v. Smen*, 2006 ME 40, ¶ 2, 895 A.2d 319, 320. The evidence at trial revealed the following facts. Lewis Moores was forty-nine years old. The victim was thirteen years old. On one occasion in December 2002 or January 2003, and on another occasion in February 2003, the victim spent the night at Moores's home. On each occasion, the victim testified that Moores touched her vagina while Moores was on a couch with her.

[¶ 3] The victim did not tell anyone about the incidents until May 2003, when she confided in her mother's best friend, and then spoke with the police.

[¶ 4] The subsequent indictment alleged that the first incident occurred on or about January 11, 2003, and charged Moores with one count of unlawful sexual contact (Class B), pursuant to 17–A M.R.S.A. § 255(1)(C), (2), (3) (Supp.2002)[2] and one count of assault (Class D), pursuant to 17–A M.R.S.A. § 207(1), (2) (1983 & Supp. 2002). The indictment alleged that the second incident occurred on or about February 17, 2003, and charged Moores with another count of unlawful sexual contact (Class B), pursuant to 17–A M.R.S.A. § 255–A(1)(F) (Supp.2003)[3] and another

---

1. Title 17–A M.R.S.A. § 255 was repealed and replaced by P.L. 2001, ch. 383, §§ 22–23 (effective Jan. 31, 2003) and has since been amended by P.L. 2005, ch. 450, §§ 1–2 (effective Sept. 17, 2005) (codified at 17–A M.R.S. § 255–A (2005)). Title 17–A M.R.S.A. § 207 has since been amended by P.L. 2005, ch. 12, § JJ–1 (effective June 29, 2005) (codified at 17–A M.R.S. § 207 (2005)).

2. Title 17–A M.R.S.A. § 255 (Supp.2002) read:

   1. A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact, and:
   . . . .
   C. The other person, not the actor's spouse, has not in fact attained the age of 14 years and the actor is at least 3 years older;
   . . . .
   2. . . . [V]iolation of subsection 1, paragraph C . . . is a Class C crime.

3. If the State pleads and proves that an unlawful sexual contact crime included penetration, the sentencing class for that crime is one class higher than it would otherwise be under subsection 2.

3. Certain legislative amendments took effect in between the two incidents alleged by the State. Therefore, the statute that applied to the February 17, 2003, incident was 17–A M.R.S.A. § 255–A(1) (Supp.2003), which read:

   1. A person is guilty of unlawful sexual contact if the actor intentionally subjects another person to any sexual contact and:
   . . . .
   E. The other person, not the actor's spouse, is in fact less than 14 years of age and the actor is at least 3 years older. Violation of this paragraph is a Class C crime;
   F. The other person, not the actor's spouse, is in fact less than 14 years of age

count of assault (Class D), pursuant to 17–A M.R.S.A. § 207(1)(A) (Supp.2003).[4] The unlawful sexual contact counts were elevated from Class C to Class B offenses because the indictment alleged that the unlawful sexual contact included penetration.

[¶ 5] Moores pleaded not guilty to the charges. After trial, the jury found Moores guilty on all four counts of the indictment, but did not find penetration. Therefore, the court stated that the unlawful sexual contact charges were reduced from Class B to Class C offenses. The court sentenced Moores to three-and-a-half years at the Department of Corrections for the unlawful sexual contact convictions and ninety days concurrent for the assault convictions. This appeal followed.

[¶ 6] The docket entries and the judgment and commitment form do not reflect the reduction of the offense level from Class B to Class C. Furthermore, the documents state that Moores's February 17, 2003, conviction for unlawful sexual contact was pursuant to 17–A M.R.S.A. § 255–A(1)(F) (Supp.2003) (requiring proof of penetration), but it should state that he was convicted pursuant to 17–A M.R.S.A. § 255–A(1)(E) (Supp.2003) (no proof of penetration required). We amend these documents to reflect the reductions.[5]

## II. ANALYSIS

[¶ 7] Moores contends that the evidence does not support his convictions for unlawful sexual contact and assault. In reviewing the sufficiency of the evidence presented at trial, we look at the evidence " 'in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged.' " *Smen*, 2006 ME 40, ¶ 7, 895 A.2d at 321 (quoting *State v. Turner*, 2001 ME 44, ¶ 6, 766 A.2d 1025, 1027). The fact-finder may draw " 'all reasonable inferences from the evidence.' " *Id.* ¶ 7, 895 A.2d at 321 (quoting *State v. Michaud*, 1998 ME 251, ¶ 11, 724 A.2d 1222, 1228). "[W]e will not substitute our judgment as to the weight and credibility of the evidence for that of the jury." *State v. Spooner*, 666 A.2d 863, 865 (Me.1995).

### A. Unlawful Sexual Contact

[¶ 8] The elements of unlawful sexual contact required the State to prove that the defendant intentionally subjected the victim, who was not his spouse and who had not attained the age of fourteen, to sexual contact, and the defendant was at least three years older than the victim. 17–A M.R.S.A. § 255(1)(C), (2), (3) (Supp. 2002); 17–A M.R.S.A. § 255–A(1)(E) (Supp.2003). "Sexual contact" is "any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for

---

and the actor is at least 3 years older and the sexual contact includes penetration. Violation of this paragraph is a Class B crime.

4. Although there were amendments to the assault statute in between the two incidents, there were no significant changes. *Compare* 17–A M.R.S.A. § 207(1), (2) (1983 & Supp. 2002) ("A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.... Assault is a Class D crime ....")

*with* 17–A M.R.S.A. § 207(1)(A) (Supp.2003) ("A person is guilty of assault if ... [t]he person intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another person. Violation of this paragraph is a Class D crime.").

5. The errors on the docket entries and the judgment and commitment form would not have affected Moores's sentence because the trial court explicitly stated that the unlawful sexual contact charges were reduced from Class B to Class C offenses.

the purpose of causing bodily injury or offensive physical contact." 17–A M.R.S. § 251(1)(D) (2005).

[¶ 9] A victim's testimony, by itself, is sufficient to support a guilty verdict for a sex crime or a violent crime if the testimony addresses each element of the crime and is not inherently incredible. *See State v. Philbrick*, 669 A.2d 152, 155 (Me.1995) (finding sufficient evidence where victim's testimony, although uncorroborated, contained no "objective impossibilities" or " 'gross, unexplained self-contradictions' ") (quoting *State v. Preston*, 581 A.2d 404, 409 (Me.1990)); *State v. Hoffstadt*, 652 A.2d 93, 95 (Me.1995); *State v. Philbrick*, 551 A.2d 847, 852 (Me.1988).

[¶ 10] Moores argues that the State's case lacked a detailed description of his conduct and lacked any evidence that his contact with the victim was intentional or for sexual gratification. He also argues that the victim's testimony was uncorroborated and unreliable. Contrary to Moores's contentions, the record contains evidence of each element of the offense: the victim was thirteen years old when Moores, a forty-nine-year-old man, touched her vagina with his hands, on two different occasions, which made her feel afraid and upset. The jury could reasonably have inferred that Moores touched the victim for the purpose of "arousing or gratifying sexual desire." The jury could also have inferred that the contact was "offensive." Despite the lack of corroboration, the State's evidence was not inherently incredible and the victim's testimony did not contain any "gross unexplained self-contradictions." *Philbrick*, 669 A.2d at 155 (quotation marks omitted). Therefore, we affirm the unlawful sexual contact convictions because the record contains sufficient evidence to support the guilty verdicts.

### B. Assault

[¶ 11] To prove assault, the State was required to show that Moores intentionally, knowingly, or recklessly caused bodily harm or offensive contact. 17–A M.R.S.A. § 207(1), (2) (1983 & Supp.2002); 17–A M.R.S.A. § 207(1)(A) (Supp.2003). The facts that proved the unlawful sexual contact charges also satisfy the elements of the assault charges. For the same reasons as stated above, we affirm the assault convictions.

The entry is:

The docket entries and the judgment and commitment form are amended to reflect defendant's conviction for two counts of unlawful sexual contact, Class C, pursuant to 17–A M.R.S.A. § 255(1)(C), (2), (3) (Supp.2002) and 17–A M.R.S.A. § 255–A(1)(E) (Supp.2003). With those documents amended, judgment affirmed.