**2010 ME 31**

**STATE of Maine**

**v.**

**Bradley C. MANOSH.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 25, 2010.

Decided: April 1, 2010.

Ferdinand A. Slater, Esq., Ellsworth, ME, for Bradley C. Manosh.

William B. Entwisle, Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

Majority: LEVY, MEAD, GORMAN, and JABAR, JJ.

Dissent: ALEXANDER, and SILVER, JJ.

GORMAN, J.

[¶ 1] Bradley C. Manosh appeals from a judgment of conviction for violation of a protection order (Class D), 19–A M.R.S. § 4011(1) (2009), entered in the District Court (Ellsworth, *Staples, J.*) following a non-jury trial. Manosh asserts that the record does not support the court's finding that his telephone call to the mother of his child violated a protective order issued by

the Vermont Family Court in 2006. We agree, and vacate the judgment.

## I. FACTS AND PROCEDURE

[¶ 2] Viewing the facts in the light most favorable to the State, the court could have rationally found the following facts beyond a reasonable doubt. *See State v. Bruzzese*, 2009 ME 61, ¶ 2, 974 A.2d 311, 311–12.

[¶ 3] Manosh and Mallory Baraby, who were never married, are the parents of a child born July 23, 2005. On August 21, 2006, while both Baraby and Manosh were living in Vermont, Baraby obtained a "Final Order for Relief from Abuse" against Manosh from the Vermont Family Court (Lamoille County, *Pearson, J.*). Among other provisions, the court ordered:

> 6. [Manosh] shall not telephone, write to, e-mail, contact [Baraby] in any way, or attempt to communicate directly or indirectly with [her] through a third party or in any other manner, except that [Manosh] may: have contact solely to establish/carry out parent-child contact, see ¶ 13 below.
>
> 13. ... Contact with the minor child/ren shall be according to the following/attached schedule: [Manosh] may petition Court in writing to establish parent-child contact, unless agreed to by parties.

Sometime after the entry of that order, Baraby relocated to Maine with the parties' child. Through attorneys, Baraby and Manosh negotiated a contact schedule that allowed Manosh to see the child every third week in Maine.

[¶ 4] Between August 2006 and March 2007, Baraby and Manosh had no contact with each other, but Manosh did have some visits with the child. On March 30, 2007, Manosh called Baraby on her cell phone. Baraby answered the call, "hello?" and Manosh replied, "Mallory?" Baraby then asked Manosh why he was calling, and he responded "I haven't talked to you in a while." Baraby immediately hung up the telephone and, later that day, reported to the Ellsworth Police Department that Manosh had violated the Vermont protective order by calling her. During his scheduled visit with their child in Maine the following day, Manosh was charged with violating the protective order.

[¶ 5] Based on its determination that Manosh violated the Vermont protective order by calling Baraby, the court found Manosh guilty of the charge and sentenced him to thirty days in jail. Manosh filed this timely appeal.[1]

## II. DISCUSSION

■ [¶ 6] Manosh argues that there is insufficient evidence in the record to support the court's finding that his call to Baraby constituted prohibited contact according to the protective order.[2] He asserts that his intent in calling Baraby merely was to "carry out" the agreed-to contact with their child, and that such contact with her is expressly permitted by the protective order.

■ [¶ 7] We agree with Manosh. The language of this Vermont protective order permitted Manosh to have contact

---

1. Manosh also filed a motion for further findings pursuant to M.R.Crim. P. 23(c) before the sentencing proceeding, but that rule applies only to criminal proceedings held in the Superior Court. The court did not act on the motion.

2. Manosh also asserts that the court erred in admitting Baraby's testimony about the agreement she and Manosh reached concerning his contact with their child. The State concedes that it was error for the court to solicit and accept Baraby's testimony about a court order.

with Baraby for the very limited purpose of either establishing or carrying out child contact. It was therefore the State's burden to prove, beyond a reasonable doubt, that Manosh did *not* intend one of these permissible purposes in calling Baraby. *See State v. Elliott*, 2010 ME 3, ¶ 30, 987 A.2d 513, 521–22 (noting that it is the State's burden to establish, beyond a reasonable doubt, that the defendant violated the terms of a protective order). As a matter of law, this limited record does not contain sufficient evidence to establish, beyond a reasonable doubt, that Manosh did not intend to establish or carry out child visitation in placing his call to Baraby.

The entry is:

Judgment vacated.

ALEXANDER, J., with whom SILVER, J., joins, dissenting.

[¶ 8] At the trial, Bradley C. Manosh and his former girlfriend each testified. They disputed whether the phone call at issue was a violation of the "no contact" requirement of the Vermont protective order, or subject to an exception to the no contact provision related to visitation with their child. The court determined that Manosh's claim that the call was subject to an exception to the protective order was not credible. This was a credibility determination for the court to make.

[¶ 9] Giving the trial court the deference it is due, the record contains competent evidence upon which the court could have found each element of the charge of violating a protection from abuse order (Class D), 19–A M.R.S. § 4011(1) (2009), proved beyond a reasonable doubt. *See State v. Tayman*, 2008 ME 177, ¶ 4, 960 A.2d 1151, 1153 (stating that we review the evidence "and all reasonable inferences drawn from that evidence, in the light most favorable to the State to determine whether the trier of fact could have found

every element of the offense charged beyond a reasonable doubt"); *see also State v. Smen*, 2006 ME 40, ¶¶ 2, 8–9, 895 A.2d 319, 320–22 (indicating that we review a trial court's interpretation of another court order de novo and discussing sufficiency of the evidence in a violation of a protection from abuse order).

[¶ 10] I would affirm the trial court's judgment.