2010 ME 62

**STATE of Maine**

v.

**Steven W. ROBBINS.**

Supreme Judicial Court of Maine.

Argued: June 15, 2010.

Decided: July 20, 2010.

 

A M.R.S. § 651(1)(C) (2009); burglary (Class B), 17–A M.R.S. § 401(1)(B)(4) (2009); theft by unauthorized taking (Class B), 17–A M.R.S. § 353(1)(A), (B)(4) (2009); assault (Class D), 17–A M.R.S. § 207(1)(A) (2009); and obstructing report of a crime or injury (Class D), 17–A M.R.S. § 758(1)(A) (2009), entered in the Superior Court (Hancock County, *Cuddy, J.*) following a jury trial. Robbins challenges the joinder of a co-defendant, the denial of his motion for acquittal, and the court's analysis of mitigating factors in determining his ultimate sentence. We remand the judgment for the court to correct a scrivener's error, and otherwise affirm the judgment. We also affirm the sentence.

## I. FACTS AND PROCEDURE

[¶ 2] Viewing the evidence in the light most favorable to the State, including all reasonable inferences, the jury rationally could have found the following facts beyond a reasonable doubt. *See State v. Bruzzese*, 2009 ME 61, ¶ 2, 974 A.2d 311, 311–12.

[¶ 3] At around 4 a.m. on January 22, 2005, Robbins and at least one other intruder broke into the home of Robbins's grandmother, Mary Rita Haslam, in Lamoine. Robbins woke Haslam, put a pillow over her face, bound her feet, and handcuffed her. He also dismantled Haslam's phones. When Haslam refused to disclose the combination to a safe that she kept in her bedroom closet, Robbins took the safe and all its contents with him. The safe contained at least $25,000 in cash, as well as some of Haslam's jewelry. Robbins left Haslam handcuffed and without a working phone.

[¶ 4] The State indicted Robbins on seven counts: (1) robbery (Class A), 17–A M.R.S. § 651(1)(C); (2) burglary (Class B), 17–A M.R.S. § 401(1)(B)(4); (3) theft by unauthorized taking (Class B), 17–A

Benet Pols, Esq. (orally), Brown & Pols, P.A., Brunswick, ME, for Steven W. Robbins.

Michael E. Povich, District Attorney, Carletta M. Bassano, Dep. Dist. Atty. (orally), Prosecutorial District VII, Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Steven W. Robbins appeals from a judgment of conviction, and his accompanying sentence, for robbery (Class A), 17–

M.R.S. § 353(1)(A), (B)(4);[1] (4) theft by unauthorized taking (Class B), 17–A M.R.S. § 353(1)(A), (B)(1) (2009); (5) assault (Class D), 17–A M.R.S. § 207(1)(A); (6) obstructing report of a crime or injury (Class D), 17–A M.R.S. § 758(1)(A); and (7) kidnapping (Class A), 17–A M.R.S. § 301(1)(A)(5) (2009). Robbins pleaded not guilty to all counts.

[¶ 5] Months after the filing of the indictment, the State moved to join co-defendant Juanita Mullins, Robbins's wife, who was charged with identical counts for the same incident. Over Robbins's objection, the court (*Brodrick, J.*) granted the State's motion to join.

[¶ 6] The court (*Cuddy, J.*) conducted a five-day jury trial in August of 2008. Following the State's presentation of its case-in-chief, Mullins and Robbins each moved for acquittal pursuant to M.R.Crim. P. 29, arguing that insufficient evidence existed to link her or him to the crimes. The court granted Mullins's motion, but reserved judgment on Robbins's motion.

[¶ 7] After the jury returned a verdict of not guilty as to kidnapping and one of the counts of theft by unauthorized taking, and guilty verdicts for robbery, burglary, assault, obstructing report of a crime, and the second theft count, the court denied Robbins's motion for acquittal, as well as Robbins's motion for a new trial pursuant to M.R.Crim. P. 29(b), 33. In December of 2008, the court sentenced Robbins to fifteen years in jail with all but nine years suspended, six years of probation, a $300

fine, and restitution in the amount of $10,001 for the robbery conviction. In addition, the court imposed concurrent sentences for the other four convictions.

[¶ 8] In calculating the robbery sentence, the court first decided on a basic period of imprisonment of fifteen years. *See* 17–A M.R.S. § 1252–C(1) (2009). The court then discussed the aggravating and mitigating factors applicable to Robbins. *See* 17–A M.R.S. § 1252–C(2) (2009). It found Robbins's lack of criminal history, previously good character, and positive employment history as mitigating factors, but did not decrease the basic sentence based on those factors. Finally, the court determined that six years of probation was appropriate, suspended all but nine years of Robbins's prison sentence, and calculated the fine and restitution. *See* 17–A M.R.S. § 1252–C(3) (2009). Robbins appeals from the judgment of conviction; we also granted his petition for review of his sentence pursuant to 15 M.R.S. § 2152 (2009) and M.R.App. P. 20.

## II. DISCUSSION

[¶ 9] We begin with Robbins's sentence review appeal. Title 17–A M.R.S. § 1252–C (2009) requires trial courts to follow a three-step process in sentencing defendants. *See State v. Hewey,* 622 A.2d 1151, 1154–55 (Me.1993). First, the court must determine the "basic period of incarceration by examining the crime, the defendant's conduct in committing it, and by

---

1. Although Count 3 of the indictment, and therefore the judgment and commitment, list a Class B theft, both contain a citation to 17–A M.R.S. § 353(1)(A), (B)(4) (2009), which is a Class C offense that is applicable when the value of the property stolen is between $1000 and $10,000. Nevertheless, the allegations of the indictment, the proof at trial, and the jury's verdict all comport with 17–A M.R.S. § 353(1)(A), (B)(1) (2009), which is a Class B offense that is applicable when the value of the property stolen exceeds $10,000. The citation to subsection (B)(4) rather than (B)(1) is plainly a scrivener's error, and we remand the judgment only for modification of the citation in the judgment as to Count 3 to refer to 17–A M.R.S. § 353(1)(A), (B)(1) to reflect the crime with which Robbins was actually charged, and later convicted. *See Lydon v. Sprinkler Servs.,* 2004 ME 16, ¶ 15, 841 A.2d 793, 798 (discussing a scrivener's error in the context of interpreting agency rules).

looking at other sentences for similar offenses." *State v. Cookson*, 2003 ME 136, ¶ 38, 837 A.2d 101, 112; *see* 17–A M.R.S. § 1252–C(1). We review the basic term of incarceration de novo for misapplication of principle. *Cookson*, 2003 ME 136, ¶ 38, 837 A.2d at 112.

[¶ 10] Second, the sentencing court considers whether any mitigating or aggravating factors exist to adjust the sentence upward or downward. 17–A M.R.S. § 1252–C(2); *Cookson*, 2003 ME 136, ¶ 38, 837 A.2d at 112. We review this second step of sentencing for an abuse of discretion. *Cookson*, 2003 ME 136, ¶ 38, 837 A.2d at 112. Finally, the court determines what, if any, portion of the jail sentence should be suspended, and how much probation is appropriate. 17–A M.R.S. § 1252–C(3); *State v. Downs*, 2009 ME 3, ¶ 26, 962 A.2d 950, 956. We review this final step for an abuse of discretion as well. *Downs*, 2009 ME 3, ¶ 26, 962 A.2d at 956.

[¶ 11] Contrary to Robbins's suggestion, this is precisely the process undertaken by the sentencing court. It first determined, given the multitude and seriousness of the crimes charged, that the appropriate basic period of incarceration for Robbins was fifteen years. The court next discussed the absence of any aggravating factors against Robbins, and the mitigating factors weighing in Robbins's favor, including his formerly good character, his lack of criminal history, and his positive employment history. Although acknowledging Robbins's mitigating factors, the court did not reduce the basic sentence.

[¶ 12] Robbins contends that the court erred in failing to adjust his basic period of incarceration to positively reflect his mitigating factors and the lack of any aggravating factors. We decline to disturb Robbins's sentence. Section 1252–C(2) plainly requires the court to "consider[ ]" the existence of mitigating factors, but it is not required to reduce the basic period of incarceration if it finds that such factors do exist.[2] *See State v. Schofield*, 2006 ME 101, ¶¶ 13–15, 904 A.2d 409, 415–16 (noting that an abuse of discretion may occur when the court "ignore[s]" a mitigating factor, but not when the court determines that no adjustment to the sentence is warranted by the existence of mitigating or aggravating factors (quotation marks omitted)). The court acted within its discretion in calculating Robbins's sentence in a clear and logical manner, considering each relevant factor, and comporting with the requirements of 17–A M.R.S. § 1252–C.

[¶ 13] Robbins's challenges to his conviction are also unpersuasive. Contrary to his challenge to the joinder of Mullins as a co-defendant, we discern no abuse of discretion in the court's granting of the State's motion to join, nor any prejudice to Robbins from the joinder, either in the admission of exhibits or by the existence of any inculpatory statements. *See* M.R.Crim. P. 8; *State v. Lakin*, 2006 ME 64, ¶¶ 7–10, 899 A.2d 777, 779; *State v. Pierce*, 2001 ME 14, ¶¶ 12, 17–18, 770 A.2d 630, 634–35; *State v. Boucher*, 1998 ME 209, ¶¶ 9, 10 n. 2, 718 A.2d 1092, 1094–95; *see also Bruton v. United States*, 391 U.S. 123, 135–37, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**2.** Robbins's reliance on *State v. MacDonald*, 1998 ME 212, 718 A.2d 195, is misplaced. In that case, we vacated the defendant's sentence after the court failed to identify or consider during sentencing the defendant's immediate efforts to remedy her crime and save the victims from harm. *MacDonald*, 1998 ME 212, ¶¶ 3, 18–20, 718 A.2d at 196–97, 200. The instant matter is easily distinguished. In sentencing Robbins, the court did discuss the applicable mitigating factors, but determined that those factors did not justify lowering the ultimate sentence.

[¶ 14]   Neither did the court err in denying Robbins's motion for acquittal, despite its grant of Mullins's motion for acquittal.   We review the denial of a motion for acquittal by examining the legal sufficiency of the evidence to support a guilty verdict.   *Pierce,* 2001 ME 14, ¶ 24, 770 A.2d at 637.   "The test of legal sufficiency is whether on the evidence as a whole, assessed most favorably to the state, no trier of fact could rationally find proof of guilt beyond a reasonable doubt."   *Id.* (quotation marks omitted).   This record, including all reasonable inferences, contains ample evidence that Robbins committed each element of all of the crimes of which he was convicted.   *See* 17–A M.R.S. §§ 207(1)(A),   353(1)(A),   401(1)(B)(4), 651(1)(C), 758(1)(A); *State v. Moores,* 2006 ME 139, ¶ 4 n. 4, 910 A.2d 373, 375; *State v. Rembert,* 658 A.2d 656, 657–58 & nn. 1, 2 (Me.1995).   The court also acted within its discretion in admitting and excluding evidence during trial.   *See State v. Waterman,* 2010 ME 45, ¶ 35, 995 A.2d 243, 251.

The entry is:

Judgment remanded to cite to 17–A M.R.S. § 353(1)(A), (B)(1) (2009) as to Count 3. Judgment and sentence affirmed in all other respects.