2011 ME 30

## STATE of Maine

v.

## John M. LAGASSE.

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 24, 2011.

Decided: March 17, 2011.

Dan P. Umphrey, Esq., Solman & Hunter, P.A., Caribou, ME, for John M. Lagasse.

Carrie L. Linthicum, Dep. Dist. Atty., Presque Isle, ME, for the State of Maine.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] John M. Lagasse appeals from a judgment of conviction for operating after habitual offender revocation (Class D), 29–A M.R.S. § 2557–A(2)(A) (2010), entered in the District Court (Presque Isle, O'Mara, J.) following a jury-waived trial. Lagasse asserts that the court erred in determining that a Wal–Mart parking lot constitutes a "way" for purposes of 17–A M.R.S. § 505(2) (2010). Because we conclude that the parking lot in this case is a "way," we affirm the judgment of conviction.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to the State, the court could have rationally found the following facts beyond a reasonable doubt. See State v. Metzger, 2010 ME 67, ¶ 2, 999 A.2d 947, 949; State v. Manosh, 2010 ME 31, ¶ 2, 991 A.2d 819, 820. On January 16, 2010, Lagasse operated a motor vehicle within the confines of a Wal–Mart parking lot in Presque Isle. At the time, Lagasse's license to operate a motor vehicle was revoked by the Secretary of State because of his status as a habitual offender.

[¶ 3] Lagasse was subsequently charged with operating after habitual offender revocation (Class D), 29–A M.R.S. § 2557–A(2)(A).[1] Lagasse pleaded not guilty to this charge, and the court conducted a jury-waived trial on June 10, 2010.[2] At the trial, the State offered a surveillance video of the Wal–Mart parking lot on January 16, 2010, and the court admitted the video, without objection, in evidence. The court found Lagasse guilty of operating after habitual offender revocation, and sentenced him to thirty days of imprisonment and a fine of $500. Lagasse appeals from the conviction.

---

1. Title 29–A M.R.S. § 2557–A(1), (2)(A) (2010) provides:

   **1. Operating after habitual offender revocation.** A person commits operating after habitual offender revocation if that person:

   **A.** Operates a motor vehicle on a public way, as defined in Title 17–A, section 505, subsection 2, when that person's license to operate a motor vehicle has been revoked under this subchapter or former Title 29, chapter 18–A and that person:

   **(1)** Has received written notice of the revocation from the Secretary of State;

   **(2)** Has been orally informed of the revocation by a law enforcement officer;

   **(3)** Has actual knowledge of the revocation; or

   **(4)** Is a person to whom written notice was sent in accordance with section 2482 or former Title 29, section 2241, subsection 4; or

   **B.** After having one or more prior convictions for violating former section 2557, this section or section 2558, violates section 2412–A.

   **2. Penalties.** The following penalties apply.

   **A.** A person is guilty of a Class D crime if the person violates subsection 1 and: **(1)** The person has not been convicted for operating after revocation under this section or under former Title 29, section 2298 within the previous 10 years; and **(2)** The person has not received an OUI conviction within the previous 10 years. The minimum fine for a Class D crime under this paragraph is $500 and the minimum term of imprisonment is 30 days, neither of which may be suspended by the court.

2. Lagasse was also charged with two other offenses, which were resolved on June 10, 2010. Because those offenses are not relevant to this appeal, we do not discuss them further.

## II. DISCUSSION

[¶ 4]  Lagasse challenges his conviction on the ground that the court erred, as a matter of law, in holding that the Wal-Mart parking lot is a "public way" for purposes of the habitual offender statute. Specifically, Lagasse argues that the parking lot does not meet the definition of "public way" provided in 17–A M.R.S. § 505(2) because it is not a "way." [3]

[¶ 5]  A person whose license has been revoked for being a habitual offender may not operate "a motor vehicle on a public way, as defined in Title 17–A, section 505, subsection 2." 29–A M.R.S. § 2557–A(1)(A) (2010).  Title 17–A M.R.S. § 505(2) defines "public way" as:

> [A]ny public highway or sidewalk, private way laid out under authority of statute, way dedicated to public use, *way upon which the public has a right of access or has access as invitees or licensees*, or way under the control of park commissioners or a body having like powers.

(Emphasis added.)  Although Lagasse concedes that the public "has access as invitees or licensees" to the Wal–Mart parking lot, he contends that the parking lot is not a "way."

[¶ 6]  In 1993, we addressed a similar argument and interpreted the meaning of "way" in section 505(2).[4]  *State v. Corson,* 634 A.2d 1270 (Me.1993).  In *Corson,* we held that the parking lot of a 7–Eleven constituted a "way" for purposes of section 505(2).  *Id.* at 1271.  Recognizing that section 505(2) did not provide a definition of "way," we looked to the plain meaning of that word—"a passage, path, road, or street."  *Id.* (quotation marks omitted). Because the parking lot provided access to the store, we concluded that the parking lot "function[ed] as a way from the public street to the store."  *Id.*

[¶ 7]  Here, contrary to Lagasse's contentions, we conclude that the parking lot in this case is a "way" for purposes of section 505(2).  The surveillance video of the Wal–Mart parking lot shows that the parking lot is used not only for parking, but also to provide access to the store. Because the parking lot comprises passages or roads upon which the public has access as invitees or licensees, it meets the definition of "way" provided in section 505(2).  Accordingly, we hold that the court did not err in determining that the Wal–Mart parking lot constitutes a "way."

The entry is:

Judgment affirmed.

---

**3.** The much narrower definition of "public way" found in 29–A M.R.S. § 101(59) (2010) does not apply, as 29–A M.R.S. § 2557–A(1)(A) refers to the definition of "public way" found at 17–A M.R.S. § 505(2) (2010).

**4.** The definition of "public way" in 17–A M.R.S. § 505(2) has not been amended since our decision in *State v. Corson,* 634 A.2d 1270 (Me.1993).  *See* 17–A M.R.S. § 505(2) (2010).