STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                  CRIMINAL ACTION
                                                DOCKET NO. CUMCD-16-2090


STATE OF MAINE

v.                                              ORDER ON MOTION FOR
                                                JUDGMENT OF ACQUITTAL

DAVID JACKIEWIECZ,

              Defendant


On April 4, 2016, defendant was indicted on three counts of class C sexual abuse of a minor. 17-A M.R.S. § 254(1)(A-2) (2013). After the jury began deliberating, defendant moved for a judgment of acquittal, which was taken under advisement based on the circumstances. (Mot. Tr. 19); M.R.U. Crim. P. 29. The jury found defendant guilty of count III. A mistrial was declared on counts I and II.

Before the court is defendant's motion for judgment of acquittal. For the following reasons, the motion is denied.

Timeliness of Motion

The State argues that the defendant's motion was not made in a timely way. Rule 29 provides:

> (a) **Motion for Judgment of Acquittal.** . . . If a motion for judgment of acquittal is made at the close of all evidence, the court may reserve the decision on the motion, submit the case to the jury, and decide the motion either before the jury returns the verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.
>
> (b) **Motion After Discharge of Jury.** If the jury returns a verdict of guilty, or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 14 days after the jury is discharged or within such further time as the court may fix during the 14 day period. If a verdict of guilty is

1

returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made before the submission of the case to the jury.

M.R.U. Crim. P. 29(a)-(b). The plain language of Rule 29 supports defendant's argument that his motion was timely. See State v. Watson, 2000 ME 77, ¶ 5, 751 A.2d 1004 (judgment of conviction was entered on July 13, 1999; motion for judgment of acquittal was due on July 23, 1999 and motion filed July 26, 1999 was untimely).

Sufficiency of the Evidence

Count III, sexual abuse of a minor, provides:

> On or about February 6, 2013, in Portland, Cumberland County, Maine, DAVID JACKIEWIECZ did engage in a sexual act with a minor whose date of birth is 2/22/97, who was 14 or 15 years of age and not his spouse. DAVID JACKIEWIECZ was at least 10 years older than said minor.

Defendant challenges the sufficiency of the evidence to sustain the conviction for sexual abuse of a minor. He argues that the State offered no evidence on the element of the offense that the victim was not the spouse of the defendant at the time of the offense. The State admits it did not offer direct evidence of marital status but argues there was sufficient circumstantial evidence to permit the jury to find beyond a reasonable doubt that the victim was not the defendant's spouse. The State relies also on the statute that requires written consent of a minor's parents and a probate judge before a marriage license can issue to a person under the age of sixteen years. 19-A M.R.S. § 652(8) (2017).[1]

On a motion for judgment of acquittal, the court reviews the legal sufficiency of the evidence as a whole, assessed most favorably to the State. See State v. Robbins, 2010 ME 62, ¶ 14, 999 A.2d 936. On a challenge to the sufficiency of the evidence to support a conviction, the

---

[1] The court does not rely on this argument. The court did not include this statute in its jury instructions.

2

court views the evidence "in the light most favorable to the State to determine whether the trier of fact rationally could have found beyond a reasonable doubt every element of the offense charged." See State v. Moores, 2006 ME 139, ¶¶ 2, 7, 910 A.2d 373 (jury could have inferred that defendant's touching of the victim's vagina with his hands was for the purpose of arousing or gratifying sexual desire and jury could have inferred that defendant's contact, which made the victim feel afraid and upset, was offensive); State v. Crossman, 2002 ME 28, ¶ 13, 790 A.2d 603 (burglary conviction supported by evidence from which a reasonable inference could be drawn that defendant entered the home).

The evidence in this case provides that the victim, born February 22, 1997, was living with her mother, Jennifer Chace, during August 2014. (Chace Testimony 14, 17.) As of July 2014, the victim had not been acting like herself and her mother did not know why. (Id. 12-15.) After Ms. Chace read her daughter's diary and after discussion with her daughter, they went to the Freeport Police Department. (Id. 14-16.)

In January 2013, the victim and the defendant, who lived in Portland, began having online conversations on the OKCupid website. (Chace-Donahue Testimony 6, 9.) On February 1, 2013, they discussed meeting in person but the defendant was unsure if he could find transportation to Freeport. (Id. 8-9.) On February 2, they met at the Freeport Starbucks, which was the first day the victim met defendant. (Id. 14.) She recognized him and they ultimately went to her home in Freeport; she felt incredibly uncomfortable and unsure of herself and she felt safe at her family home. (Id. 11-12.) Defendant later took her to her friend's house. (Id. 15.)

They met again at her home on February 3, 2013. (Id. 16.) He left after oral sex and intercourse. (Id. 18-19.) He picked her up on February 6, 2013 and took her to his aunt's house in Portland, where he lived. (Id. 19-20.) After they went to his room upstairs, defendant stated,

3

"If my aunt knew about this, she would turn me in, herself." (Id. 20.) After oral sex and intercourse, he took the victim home. (Id. 20-22.)

The victim later received a text from defendant. He asked her to close her OKCupid account because "he wanted to be in a relationship" and told her "he would wait until [she] was 18 to be in an official relationship." (Id. 22.) On February 14, 2013, she told him she did not want to speak to him anymore. (Id.) She did not respond to his subsequent texts and emails and they never met again. (Id. 23-24.) She told the police the name defendant said was his last name, and the name she believed to be his last name, Skye. (Id. 25-26.) In a photo lineup, she identified a photo of the person she believed to be named David Skye; the name listed for that photo was David Jackiewiecz. (Id. 27-28.)

The elements of any crime may be proved by circumstantial evidence. Crossman, 2002 ME 28, ¶ 10, 790 A.2d 603. The jury may draw "all reasonable inferences from the evidence." Moores, 2006 ME 139, ¶ 7, 910 A.2d 373. The court concludes that a reasonable inference that may be drawn from this record is that the victim and the defendant were not spouses. The evidence in the record is sufficient for the jury to find beyond a reasonable doubt all elements of sexual abuse of a minor. See State v. Soucy, 2012 ME 16, ¶ 14, 36 A.3d 910 (sufficient evidence in the record to allow court to find beyond a reasonable doubt defendant operated under the influence).

The entry is

Defendant's Motion for Judgment of Acquittal is DENIED.

Date: January 12, 2018

Nancy Mills
Justice, Superior Court

4